### GEORGE WEST v. THE STATE.

1—On trial of an indictment for altering the brand of certain cattle, without the consent of the owner, it was error to instruct the jury that the mere extra-judicial statements of the owner were legal and sufficient evidence of the want of his consent to the alteration of the brand.

APPEAL from Lavaca. Tried below before the Hon. Wesley Ogden.

From the statement of facts, it appears in evidence that the defendant altered the brand openly and publicly, claiming that the animal was his own property, and that the brand which he altered had been wrongfully put upon it. The person alleged in the indictment to be the owner, was not introduced as a witness, but his statements and conduct were proved by other witnesses as evidence of his ownership and of the want of his consent to the change of his brand by the defendant.

*Spencer & Stewart,* for the appellant.

*E. B. Turner,* Attorney General, for the State.

DENISON, J.—This is an indictment charging the appellant with altering the brand on certain cattle, the same not being his own property, without the consent of the owner, and with intent to defraud. There were verdict and judgment against appellant.

Appellant, by his counsel, assigns many errors in the record,

one only of which will be referred to, it being deemed sufficient to warrant a decision reversing the judgment.

The court charged the jury as follows: "In order to sustain the charge in this case, the want of the consent of the owner must be proven; but that may be proven by the direct and positive declarations of the owner or others, or by circumstances that would convince the jury that the act was done without the consent of the owner."

This charge includes two distinct propositions in the alternative, the first of which is manifestly erroneous, and calculated to mislead the jury, by giving them to understand that the mere declarations of the owner, or of others, would be legal and sufficient evidence of the fact to be proved, *i. e.*, the want of the consent of the owner. We cannot determine what influence this erroneous charge may have had in leading the jury to the conclusion they arrived at and the verdict they rendered.

This error is apparent on the record, and therefore it is unnecessary to discuss the other points raised by counsel.

The judgment is reversed.

Reversed.