## John Davis v. The State.

On the trial of an indictment for theft of a pair of boots from a store-house, the State, in order to prove that the boots were taken without the consent of the owner, offered to prove an altercation between the clerk of the store and the accused at the time the boots were alleged to have been stolen. The witnesses introduced for that purpose were persons who were present and heard the altercation. *Held*, that the evidence was hearsay, and the court below erred in permitting it to go to the jury. It seems the clerk, if introduced, would have been heard to prove it.

· Appeal from Smith. Tried below before the Hon. Z. Norton.

The opinion sufficiently states the facts.

No brief for the appellant has reached the hands of the reporter.

*William Alexander, Attorney-General,* for the State.

Ogden, J. The appellant was convicted of the theft of a pair of boots, from the store-house of McDaniels & Clements, and was sentenced to two years' confinement in the penitentiary. Upon the trial, the defendant did not deny that he took the boots, but claimed that he had purchased and paid for them; that he paid one Atwood, a clerk for McDaniels & Clements, six dollars and fifty cents, and had full right and permission to take them. And the only controverted question was, did the defendant take the property without the consent of the owner ? The defendant proved, by two or three witnesses, that he bought the boots of Atwood, and paid him for them, and the only evidence to rebut this positive testimony, is the testimony of Clements and others, that a dispute arose between the defendant and Atwood, in regard to the boots, about the time they were taken from the store, in which defendant claimed to

have bought them of Atwood, and which claim Atwood positively denied.

The statements of Atwood were voluntarily made, and were not sworn to by him, and we think the court erred in permitting them to go to the jury, as hearsay evidence, to prove the want of consent. Why Atwood was not produced in court to make his own statement, does not appear from the record. But it is very clear that the testimony of third persons, as to what he said when not under oath, is not legitimate testimony to contradict the sworn testimony of several other witnesses, and to lay the foundation for a conviction for a felony. We think there was no evidence before the court to prove that the property was taken without the consent of the owner, and therefore no sufficient testimony to sustain the verdict of the jury; and the judgment is reversed and the cause remanded.

Reversed and remanded.