# DALLAS TERM, 1902.

HARRIETT FARIS v. THE STATE.

No. 2376.   Decided January 15, 1902.

**Theft—Evidence as to Want of Consent—Hearsay.**

On a trial for theft, while it has been held that nonconsent of the owner could be proved by circumstantial evidence, where positive testimony was not attainable, this rule does not authorize the introduction of hearsay evidence. Nor will nonconsent be inferred merely from the fact that the alleged owner testified as a prosecuting witness at the examining trial. Such evidence is hearsay and inadmissible to prove his nonconsent.

Appeal from the District Court of Nueces.   Tried below before Hon. Stanley Welch.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the theft of money of the aggregate value of $73.75, from the possession of Giacomo Duplech, and without his consent, etc.   Defendant testified that she was the kept woman of Duplech and that he had given her the money.   The evidence as to Duplech's want of consent to the taking was the following testimony of Mike Niland, city marshal, viz.:   "The defendant had an examining trial before Justice Dunn.   Jacomo (Duplech) was present at the examining trial and testified.   He testified as a prosecuting witness on the examining trial of defendant.   I believe Jacomo (Duplech) is in Austria.   He told me he was going home to Austria.   He is not around here anywhere."

No briefs for either party have come to the hands of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of money over the value of $50, and her punishment assessed at confinement in the penitentiary for a term of two years.

On the trial appellant reserved the following bill of exceptions:   "The State's witness Mike Niland being upon the stand was permitted, over the objections of defendant, to testify to the following facts, to wit: That Giacomo Duplech had testified as a witness in the examining trial of this cause, and at the time said Giacomo Duplech testified before said examining court he testified as a prosecuting witness.   And defendant at the time it was offered objected to said testimony for the reason fol-

lowing, to wit: Because the said Giacomo Duplech was an absent witness in this case, and because he was the owner of the property alleged to have been stolen, and the witness Niland was introduced as a witness for the State, and the evidence adduced from him, which is complained of, was for the purpose of proving the want of the consent of the owner to the taking of said property; and because said witness had no legal right to testify as to what or how the absent witness testified upon the examining trial in this case; because said testimony deprived defendant of the right of being confronted with the witness against her, and because said testimony was not the best evidence as to whether Giacomo Duplech had testified upon the examining trial or not. Therefore this evidence should not have been admitted, as it was incompetent testimony, calculated to injure and did injure defendant in the eyes of the jury which convicted her. And the court overruled defendant's objections to said testimony, and permitted it to go to the jury as evidence, to which defendant then and there excepted."

It has been held in a number of decisions rendered by this court that circumstantial evidence can be resorted to for the purpose of showing the want of consent on the part of the prosecutor to the taking of the alleged stolen property. See cases cited in White's Ann. Penal Code, sec. 1608. Some of the cases hold that circumstantial evidence can not be resorted to where positive evidence is accessible. Jackson v. State, 7 Texas Crim. App., 363; Stewart v. State, 9 Texas Crim. App., 321. But this doctrine seems to be modified by later decisions. Hoskins v. State, 43 S. W. Rep., 1003. However, we do not understand that because want of consent can be proved by circumstances, where positive testimony is not attainable, that this would authorize the introduction of hearsay evidence. True, in Stewart v. State, 9 Texas Criminal Appeals, 321, and Schultz v. State, 20 Texas Criminal Appeals, 310, hearsay evidence was introduced on this subject, but it was without objection. West v. State, 32 Texas, 651; Davis v. State, 37 Texas, 227. It occurs to us that the testimony here offered was hearsay. It does not show any act on the part of Giacomo Duplech, but merely what the State did; that is, that the attorney representing the State in the examining trial called said Duplech as a witness for the prosecution. While it might be inferred from this that said Duplech was not consenting to the taking of his property, yet this inference would be predicated, not upon his act even, but that of some one else. Besides, it was not shown here, so far as the bill is concerned, that Duplech was not accessible to the process of the court. We do not think the testimony was admissible. The question of consent vel non became a material one, inasmuch as the appellant controverted this on the trial and testified to the effect that she had the consent of Duplech. True, the circumstances narrated by State's witness strongly tended to show that the property was taken without the consent of Duplech, and we would not be understood as holding that these circumstances are not sufficient to show want of consent. But these facts

being controverted, it may be that the jury were influenced in their verdict by the hearsay testimony that was admitted over appellant's objection.

For the error discussed, the .judgment is reversed and the cause remanded.

*Reversed and remanded.*