SAM VANARSDALE V. THE STATE.

*No. 971.   Decided March 18th, 1896.*

**1.   Local Option—Simulated Exchange, or Gift of Liquor—Charge.**

On a prosecution for violation of local option, it appeared that one B., desiring some whiskey, applied to defendant, who stated that he was going to order a gallon for himself and another, and would put B.'s order in with theirs. B. gave him the money, and on the same day defendant delivered to B. a bottle of whiskey, stating that he had borrowed it from one K., upon promise to return it to K. when the whiskey ordered came, which he did. Upon these facts, the court instructed the jury, that if they believed, "from the evidence that the defendant exchanged with the said B., intoxicating liquor in good faith, then he would not be guilty; but, if the exchange or gift of the liquor was only simulated—that is, in appearance only an exchange, but, in fact, a sale of liquor—then he would be guilty," etc. Held: The charge should have gone further, and instructed the jury as to the character of the simulation, viz: that the exchange must be simulated, colorable, and made to hide the real transaction; and that defendant must, in fact, have made the sale to B., or was interested with the principal in making said sale.

**2.   Same—Charge.**

On a trial for a violation of local option, a charge is defective which singles out certain facts, upon which to predicate a sale, and does not present the real issues in the case.

**3.   Same—Charge.**

A defendant is only guilty of a violation of local option for an evasion of the law, if by, or in such evasion he becomes the seller or exchanger, or is interested with the person selling or exchanging, in making such sale or exchange; and a charge which instructed the jury, in a general way, to convict, if a borrowing or exchange was for the purpose of evading the provisions of the local option law, is erroneous.

**4.   Charge—Fatally Defective When.**

A charge is fatally defective, which, when reviewed as a whole, nowhere gives, in clear and unmistakable terms, either the State's theory or the defense set up by defendant.

APPEAL from the County Court of Parker.   Tried below before Hon. J. L. L. McCALL, County Judge.

This appeal is from a conviction for a violation of local option, the punishment assessed being a fine of $25, and twenty days' imprisonment in the county jail.

The case is sufficiently stated in the opinion.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was convicted of selling whiskey in a local option precinct, and his punishment assessed at a fine of $25 and confinement in the county jail for twenty days; and he prosecutes this appeal, The facts show that one Bingham, the prosecutor, desired some whiskey, and applied to appellant, who stated that he was going to order a gallon for himself and another party, and that he would put his order in with theirs. Appellant was paid one dollar by the witness for the quart of whiskey and Bingham gave him five cents additional to pay for the money order. Subsequently, on the same day, appellant delivered to the prosecutor, Bingham, a bottle of whiskey, stating that he had borrowed it from one Keaton, and that he had agreed to replace the same as soon as the jug came. The testimony further shows that the jug came, and that appellant repaid Keaton out of the same. Appellant excepted to the following portion of the court's charge, to-wit: "If the jury believe, from the evidence, that the defendant exchanged with the said Henry Bingham, intoxicating liquor in good faith, then he would not be guilty; but, if the exchange or gift of the liquor was only simulated—that is, in appearance only an exchange, but was in fact a sale of liquors—then he would be guilty and you will so find him." The objection of the appellant is that there was no evidence to authorize a charge on an exchange of liquors. This, as we understand it, was the nature of the transaction; but, in charging upon this feature of the case, the court should have gone further, and instructed the jury as to the character of the simulation; that is, that, if they believed that said exchange was simulated, colorable, and made to hide the real transaction, and that the appellant in fact made a sale of the liquor to the prosecutor, or was interested with the principal in the sale thereof to the prosecutor, they would find him guilty. Appellant also excepted to the following portion of the charge of the court, to-wit: "If you believe, from the evidence, that the defendant, Sam Vanarsdale, received the price or money from the witness, Henry Bingham, with which to get intoxicating liquor, and the defendant did take the money so given him by the witness, and in a short time returned with the liquor himself, or had some one else to return with the liquor, and delivered it to Bingham, the witness, and you further believe that the money so given by Bingham to the defendant was the consideration for the obtaining and delivery of the liquor to the witness, Bingham, by Sam Vanarsdale, or by some one for Sam Vanarsdale, then the jury are instructed to find the defendant guilty, and assess his punishment as set out in the foregoing charge." This was excepted to, on the ground that it was a charge upon the weight of the testimony. The facts here cited might constitute a sale, but they present only partially the testimony relating to the transaction between Bingham and the appellant. The State's theory was that there was a sale of the liquor by the appellant, or that he was acting for the seller and interested in the sale; while the theory of the appellant was that he had nothing to do with the sale, and was merely acting as the friendly agent of the purchaser in ordering the whiskey from Dal-

las, and that his subsequent borrowing of a quart of whiskey from Keaton, and delivering it to Bingham, was merely a voluntary friendly act on his part, which in no wise constituted him a seller, or in any manner interested him in the sale of said whiskey. The charge in question singles out certain facts upon which to predicate a sale, and does not present the real issue in the case. Appellant also excepted to the following portion of the charge of the court, to-wit: "If the jury, however, believe, from the evidence, that the defendant, Vanarsdale, acted as the agent of Bingham in obtaining the intoxicating liquor, and at the same time acted together with others in obtaining the liquor by a borrowing or an exchange, for the purpose of evading the provisions of the local option law, then they will find the defendant guilty, and assess his punishment as directed above." The court, in this charge, tells the jury, if appellant acted as the agent of Bingham, but was interested with others in obtaining liquor by a borrowing or an exchange, for the purpose of evading the provisions of the local option law, then to find him guilty. It might be said that every method of procuring whiskey in a local option precinct, except as authorized by law, is an evasion of the local option law; but every evasion of the law is not a criminal offense. The law makes criminal only a sale or exchange of intoxicating liquors in a local option precinct. Yet the court instructs the jury, in a general way, if the borrowing or exchange was for the purpose of evading the provisions of the local option law, that they would find the defendant guilty, when they were only authorized by the law to convict the defendant if, in such evasion, he became the seller or exchanger, or was interested, with the person selling or exchanging, in making such sale or exchange. The charge given was not the law, and was liable to mislead and confuse the jury. We have reviewed the court's charge as a whole and it nowhere gives, in clear and unmistakable terms, either the State's theory or the defense set up by the appellant. For the failure so to do, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*