## L. L. Stanley v. The State.

### No. 2404. Decided October 30, 1901.

.Local Option—Sale, What Is.

    The exchange and delivery of a pint of peach brandy by a distiller to a customer for each bushel of peaches furnished by the latter, constituted a sale of the liquor in violation of local option in a prohibited district where the law is in force.

Appeal from the District Court of Shelby. Tried below before Hon. Tom C. Davis.

Appeal from a conviction for violating local option; penalty, a fine of $25.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25.

The facts show that appellant, owner of a distillery, made a trade with prosecuting witness, by which he would exchange a pint of brandy for every bushel of peaches witness would furnish him at his distillery. The trade was carried out. Prosecuting witness delivered the peaches, and subsequently obtained from appellant fifty-six pints of peach brandy in payment for fifty-six bushels of peaches furnished. The question presented is whether or not this is a sale under the local option law. We deem it unnecessary to enter into a discussion of this matter, as the question was decided adversely to appellant's contention in Keaton v. State (Texas Crim. App.), 36 S. W. Rep., 440. See also Commonwealth v. Clark, 14 Gray, 367. The facts show an evasion of the local option law, and it would be immaterial that money was not paid. The exchange of any other commodity or goods for liquor, or liquor for goods, would bring it within the operation of the law.

The judgment is affirmed.

*Affirmed.*