### Lee Ray v. The State.

#### No. 2949. Decided March 9, 1904.

**1.—Local Option—Jury and Jury Law.**

Where the jury had not been selected by the jury commissioners for the term of the county court, as the law directs the venire for the week should have been quashed. Following White v. State, decided February 24, 1904, 45 Texas Crim. Rep., 597.

**2.—Same—Sale—What Constitutes.**

If appellant simply loaned his neighbor a bottle of whisky to be returned when the neighbors' whisky came by express and it was not intended as a subterfuge to cover a sale, he would not be guilty, and this phase of the law should have been presented to the jury. Distinguishing Bruce v. State, 39 S. W. Rep., 683; Keaton v. State, 38 S. W. Rep., 522.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander.

Appeal from a conviction for violation of the local option law; penalty, a fine of $25 and twenty days confinement in county jail.

The evidence in this case substantially shows that T. E. Riggins got a quart of whisky from appellant and promised to return a quart of whisky for it as soon as defendant could order two quarts of whisky for him and the same arrived in Weatherford. That he handed defendant $1.50 to order the two quarts of whisky by phone from Mineral Wells, and also paid for the phone message; that defendant ordered four quarts, two for himself and two quarts for Riggins, and that the whisky came and Riggins returned to defendant a quart of it, for the quart he had received before from defendant.

*Mose Littleton* and *Preston Martin,* for appellant.—The court erred in his charge to the jury as follows: "The term 'sale' as used in the statute includes a barter or exchange for any valuable consideration." Said charge is not the law, and the court should have explained in his charge to the jury the legal definition of the word "sale." There was no evidence showing a barter of whisky, and said charge was a direct charge upon the weight of evidence, and very misleading to the jury. On sale, cited: Varnarsdale v. State, 34 S. W. Rep., 931; distinguishing Bruce v. State, 39 S. W. Rep., 683; Keaton v. State, 38 S. W. Rep., 522. On selection of jury, cited: Rev. Civ. Stats., arts. 3027, 3028, 3029; Const. of Texas, art. 1, sec. 10.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law. The first contention is error assigned upon the action of the court refusing to quash the venire for the week, because it had not been selected by jury commissioners as the law directs. This question is identical with that decided in cause 2952, White v. State, February 24, 1904, 45 Texas Crim. Rep., 597. On the authority of that case this judgment must be reversed.

The court gave this definition of sale in his charge: "The term 'sale' as used in this statute includes a barter or exchange for any valuable consideration." This is criticised and special charge requested, as follows: "You are instructed that if you believe from the evidence that at the time the witness T. E. Riggins obtained the whisky alleged to have been sold him by defendant herein, if said T. E. Riggins obtained said whisky by virtue of a loan by defendant to him, that the said T. E. Riggins afterward returned a similar amount of whisky to defendant in return for the whisky so borrowed, the said transaction would not be a sale of said whisky so loaned the said Riggins by defendant, and you will acquit the defendant." It has been a question of more or less trouble under the local option laws in the different appellate courts of the Federal Union as to what the term "sale" imports. In some it is held that it imports only a money consideration; in others, that the exchange of intoxicating liquors for some other commodity is a sale; and under peculiar circumstances that the loan of intoxicating liquors to be returned in kind is a sale. It has also been held that intoxicants delivered in the payment of a debt or for services performed is a sale. In Texas the broader signification of sale has been held to be correct; and if the exchange or even the loan of whisky was intended to cover up a sale, that would constitute a violation of our local option statute. But none of the decisions to which our attention has been called in this State has ever held that the mere loaning of a bottle of intoxicants to be returned in kind as an accommodation constitutes a

sale. Under the facts of the Bruce case, 39 S. W. Rep., 683, and Keaton's case, 38 S. W. Rep., 522, the loan or exchange was done simply ·to cover up a sale; that these parties were. carrying on a liquor traffic in the local option territory, and the loans were simply evasions of the law and really were sales. But it was not intended by those decisions, nor is it the meaning of the law, and the Legislature certainly did not intend to hold as a sale the mere loan by one neighbor to another of intoxicants until that neighbor could secure and return the same amount of intoxicants. That in no sense would constitute a sale under our law. It would seem that if a mere accommodation loan would constitute a sale, there would be two sellers and no purchaser; or there would be two sales; that is, the man who loaned the whisky and the man who returned the whisky would each be a seller. Our law is not intended to cover this character of transaction. The Constitution and the law both limit the transaction to a sale. If appellant simply loaned Riggins a bottle of whisky to be returned when Riggins' whisky came by express, and it was not intended as a subterfuge to cover a sale, he would not be guilty; and this phase of the law should have been presented to the jury. The charge asked by appellant or a similar charge should have been given. Vanarsdale v. State, 35 Texas Crim. Rep., 587. The theory of the State was that appellant sold Riggins a bottle of whisky at $1.65. The theory of appellant was that he simply loaned ·Riggins the whisky to be returned in kind as soon as Riggins received his whisky. If the latter theory is correct, it was not a sale. Appellant was not engaged in selling whisky, and what he did was either a sale straight out or simply an accommodation. On another trial the principles enunciated in the Vanarsdale case should be given in charge to the jury.

In regard to the evidence introduced from the express agent Turner and the witness Dalton, if properly connected, would be admissible as tending to show that Riggins had not ordered the whisky through appellant, as testified by him. The uncertainty in regard to this phase of the evidence is that it does not exclude the idea that there was another or other express companies doing business at Weatherford, which was the point of destination of the whisky stated by Riggins to have been ordered. This evidence may have some bearing on the question as to whether or not appellant sold the whisky and did not order it as stated by Riggins. If appellant did not order the whisky spoken of by Riggins, then the transaction was a sale. We are of opinion that it could be shown that such whisky was not brought by any of the express ·companies doing business at Weatherford.

For the 'errors indicated the judgment is reversed and the cause remanded. .·

*Reversed and remanded.*