### W. E. TOMBEAUGH v. THE STATE.

#### No. 3534.    Decided November 14, 1906.

**Local Option—Accommodation Loan—Exchange—Sale—Member of Club.**

Where upon trial for a violation of the local option law, the evidence showed that prosecutor ordered a pint of whisky by paying fifty cents to a member of the "Farmer's Club" to order the liquor for him and have it sent to him in the local option territory; and at the same time remarked that he wanted some whisky then and that he would return it when his whisky arrived; that thereupon the defendant let him have a pint of whisky upon this condition, which prosecutor returned in kind when his whisky came by express; that defendant claimed that this transaction was an accommodation loan and not a sale, because at the time he was not a member of said club. Held, that it made no difference whether defendant was a member of the club or not and that his exchange of whisky with prosecutor was a sale. Following Keaton v. State, 36 Texas Crim. Rep. 259; overruling Ray v. State, 79 S. W. Rep., 535. Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Lampasas. Tried below before the Hon. M. M. White.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. H. Browning,* for appellant.—On question of accommodation loan: Ray v. State, 79 S. W. Rep., 535; Vanarsdale v. State, 34 S. W. Rep., 931; Buckner v. State, 14 Texas Ct. Rep., 12.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of subterfuge: Leach v. State, 53 S. W. Rep., 630.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

The proof on the part of the State shows that some time in February, prosecutor came to the cold storage establishment in Lampasas, known as the Farmers' Club, and ordered a pint of whisky, for which

he paid 50 cents. After paying to Lawrence Doolittle (one of the parties at that time engaged in running the club) the 50 cents to send for his whisky he told Doolittle that he wanted some whisky then, but was informed that he could not get it until his came: but that he could get any one who had whisky there to loan him some until his came. Appellant, Tombeaugh, was in the room, and prosecutor asked him if he could loan him a pint of whisky; that he had ordered some, and when it came would return it to him. He said, all right, and furnished him a pint of whisky. This witness testified that the transaction was in February. Appellant admitted loaning the whisky to prosecutor, but claimed it was early in March instead of February; and that he had formerly been a member of the Farmers' Club, in copartnership with Otto Ferenkemp, but on the first of March, he withdrew from said firm but still had some whisky that he kept there; and that he loaned prosecutor a pint of whisky out of this, and that prosecutor repaid him when his whisky came by express; that is, appellant claims this was an accommodation loan, and not a sale, because at the time of the alleged sale he was not a partner with Ferenkemp in the cold storage business. In other words, appellant claims that as a member of the Farmers' Club he could not make an accommodation loan, but that when he ceased to be such a member, a loan by him would be legalized. The court seems to have taken this view of the question, as he gave the following charge to the jury: "If you believe from the evidence that the defendant, W. E. Tombeaugh, loaned the said Will Davis intoxicating liquor charged to have been sold; or if you have a reasonable doubt thereof you will acquit the defendant, and say by your verdict not guilty; unless you should further believe that at the time of the said loan defendant was a member of the firm running the Farmers' Club, where said intoxicating liquor was obtained, in that event said pretended loan would be a sale." Appellant asked a charge about to the same effect, which was given. So that it appears that the case was made to depend on whether appellant was a member of the Farmers' Club at the time of the alleged sale. In the view of the court, if he was at the time, he could not make an accommodation loan. If he was not, he could. We desire first to state the law under our decisions on this subject. In Keaton v. State, 36 Texas Crim. Rep., 259, we held that an exchange is a sale, and this was without any limitation. In Ray v. State, 79 S. W. Rep., 535, it was held that a mere accommodation loan by one neighbor to another, to be returned in kind, is not such an exchange as would constitute a sale. In Buckner v. State, 14 Texas Ct. Rep., 12, it was held that the circumstances there showed a subterfuge and not a loan. In Stanley v. State, 64 S. W. Rep., it was held that an exchange of peaches for brandy with a distiller, is a sale. See also Barnes v. State, 13 Texas Ct. Rep., 623; Parker v. State, 8 Texas Ct. Rep., 865. While the doctrine of an accommodation exchange seems to have been recognized by this court in the Ray case, supra,

in our opinion that case should be overruled. There might be a case: to illustrate, where same member of a family should be bitten by a snake, or some venomous insect, that would require the immediate use of whisky, with no time to send for a physician to obtain a prescription. In such case, it might be allowable to borrow whisky from a neighbor on account of such emergency. We do not believe the doctrine should be extended beyond some pressing necessity. Certainly not to a case of a loan by one club member of whisky to a stranger in social drinking or as a beverage. In our opinion, it makes no difference in this respect whether the party loaning be a club member or not. His exchange of whisky to another person under the circumstances here detailed, would be a sale, and comes under the doctrine announced in Keaton's case, supra. We fail to see any difference between such transaction and the payment of money for the whisky at the time. Entertaining this view, we hold, it was no defense as to whether appellant was a member of the Farmers' Club or not at the time he loaned prosecutor the whisky. It was a sale in contemplation of law. The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I cannot agree to overruling the Ray case, mentioned in the opinion. I think it enunciates the correct view of the law.