### Dave Coleman v. The State.

#### No. 3640.   Decided May 27, 1908.

**1.—Local Option—Loan—Charge of Court.**

Where upon trial of a violation of the local option law the evidence showed that prosecutor borrowed a quart of whisky from a member of defendant's clubroom for a quart of whisky that he had ordered from defendant and for which he had paid him, and that the defendant had never delivered to prosecutor the whisky which he had ordered, the same constituted a sale and the court correctly so charged.   Following Tombeaugh v. State, 50 Texas Crim Rep., 286.   Davidson, Presiding Judge, dissenting.

**2.—Same—Evidence—Venue—Internal Revenue License.**

Upon trial of a violation of the local option law there was no error in admitting testimony that the town in which the whisky was alleged to have been sold was in the alleged local option territory; that defendant was a tenant of prosecuting witness, and had internal revenue license for the sale of malt liquors.

**3.—Same—Bill of Exceptions.**

Where the bill of exceptions with reference to the court's refusal to permit

defendant to introduce a certain order, was not approved by the court, the same could not be considered on appeal.

### 4.—Same—Evidence—Harmless Error.

Where upon trial of a violation of the local option law the court erroneously admitted testimony as to other clubrooms, but the defendant received the minimum punishment, the error was harmless.

### 5.—Same—Evidence—Orders of Commissioners Court.

Where upon trial of a violation of the local option law the court admitted in evidence orders of the commissioners court which were a part and parcel of the minutes of the court pertaining to the local option election in question, there was no error.

### 6.—Same—Order of Judge—County Clerk.

Upon trial of a violation of the local option law the court correctly admitted in evidence the order of the county judge upon the minutes showing that the local option election had been published for four consecutive weeks, although it was in the handwriting of the county clerk. Following Walker v. State, 52 Texas Crim. Rep. 293.

### 7.—Same—Evidence—Defendant as Witness.

Upon trial of a violation of the local option law there was no error in forcing defendant on cross-examination to testify that he received commissions on orders for whisky, and that he had a retailer's liquor license.

### 8.—Same—Evidence—Rebuttal—Harmless Error.

Where upon trial of a violation of the local option law the defendant introduced in evidence a judgment of acquittal of his co-defendant, there was no error to permit the State to show why said co-defendant was acquitted; besides the defendant receiving the minimum punishment such testimony if error was harmless.

### 9.—Same—Charge of Court—Local Option in Force.

Where upon trial of a violation of the local option law the orders of the court pertaining to the local option election were in all things regular, the court correctly charged that local option was in force in the alleged territory.

### 10.—Same—Indictment.

Where upon trial of a violation of the local option law the indictment follcwed approved precedent, there was no error.

### 11.—Same—Charge of Court—Requested Charges.

Where upon trial of a violation of the local option law the court's main charge properly presented the law of the case, there was no error in refusing special charges.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $25 and twenty days imprisonment in the county jail.

The facts in this case show that Mack Bennett, the prosecuting wit-

ness, about Christman, 1906, in the town of Santa Anna, Coleman County, went into appellant's clubroom and told appellant he wanted some whisky. Appellant replied he had no whisky, but he could order some for witness, and witness could get it to-morrow. "I told him I wanted it now; he said may be you can borrow some. Mr. Riley there might loan it to you. I then asked the party whom the defendant called Riley if he would loan me some whisky; that I had ordered some from Mr. Coleman, and he said yes, and he told the defendant to let me have a quart of his whisky. The defendant then handed me a quart of Riley's whisky. I don't know what became of the whisky I ordered. The defendant has never delivered it to me." The witness gave at the time of making the order $1.25 to the defendant. The defendant in his own behalf testified that he took prosecuting witness' order, at which time he received the $1.25 and he subsequently delivered the whisky.

Under the above state of facts the court charged the jury as follows: "You are therefore instructed that if you believe from the evidence in this case beyond a reasonable doubt that the alleged prosecuting witness Mack Bennett on or about the 22nd day of December, 1906, or within two years anterior to the presentment of this indictment, did in justice precinct No. 7 in Coleman County, Texas, borrow a quart of whisky and that same was intoxicating, from any person with the understanding and agreement that the said witness Mack Bennett had ordered whisky or would order whisky and when his, the said Mack Bennett's whisky came, the person so loaning said whisky, if any, was to have whisky returned to him for the whisky so loaned, if any, and you further believe from the evidence beyond a reasonable doubt that the defendant Dave Coleman was present at the time and with the knowledge of such agreement, if any, to the said Mack Bennett, said quart of whisky so loaned, if any, at the instance and request of the person loaning same, if any, then you are instructed that the said loan of said whisky, if any, under such circumstances, if any, would be an unlawful sale of intoxicating liquor within the meaning of the local option statute, and the defendant Dave Coleman under such circumstances, if any, would be a principal in the said sale and would be guilty of a violation of the local option law, and if you so believe from the evidence beyond a reasonable doubt it would be your duty to find the defendant guilty, and assess his punishment at a fine of not less than $25 and not more than $100 and by imprisonment in the county jail for a period of not less than twenty days and not more than sixty days.' And in this connection you are charged that it would be necessary to constitute a sale for the State to prove that the witness actually returned the whisky if any borrowed.

"Fourth. Although you may believe there was no loan of whisky under above instructions, still you are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant Dave Coleman on or about the 22nd day of December, 1906, or within two years anterior to the presentment of the indictment herein did in

justice precinct No. 7, Coleman County, sell to Mack Bennett one quart of whisky and that same was intoxicating liquor, then it would be your duty to find the defendant guilty and assess his punishment at a fine of not less than $25 and not more than $100 and by imprisonment in the county jail for a period of not less than twenty days and not more than sixty days." Paragraph No. 3 is in strict consonance and accord with the principle of law laid down by this court in the case of Tombeaugh v. State, 50 Texas Crim. Rep., 286; 17 Texas Ct. Rep., 472. For authorities to support the latter case see Taggart v. State, 97 S. W. Rep., 95; Treadway v. State, 42 Texas Crim. Rep., 466; Stanley v. State, 43 Texas Crim. Rep., 270, and Barnes v. State, 88 S. W. Rep., 804. We think the charge of the court is, as suggested, correct.

Appellant insists the court erred in permitting over his objection the witness to testify that Santa Anna was located in justice precinct No. 7 of Coleman County, Texas. The prosecution was instituted for violating the local option law of precinct No. 7, and it was proper to prove that the town of Santa Anna was in said precinct. Nor do we think that the court erred in permitting the witness Riley to testify that defendant was a tenant of his, and was occupying the witness' house at the time of the sale. This is a circumstance to show familiarity of the witness with appellant, and is corroborative of the State's theory of a sale. Nor was there any error in permitting the witness to testify that defendant had internal revenue license for the sale of malt liquors in his place of business.

Appellant insists the court erred in refusing to permit the defendant to introduce in evidence the order dated October 6, 1906, given by the witness Bennett to the defendant for whisky. The court refused to approve the bill presenting this matter.

Appellant further complains that the court erred in permitting the State to prove by the witness Simmons, and interrogate him relative thereto, about there being other clubrooms in the town of Santa Anna. This testimony was not admissible. See Efird v. State, 44 Texas Crim. Rep., 447. However, the bare fact in this instance was proved, and in view of the fact that appellant received the minimum fine it is not such error as could have injured appellant.

Appellant insists that the court erred in permitting the State to read in evidence other orders of the commissioners court not pertaining to the local option law in question, because same could not prove any issue in the case, and that the order certifying the correctness of the minutes of the commissioners court threw no light on whether the county judge had published the order declaring the result of the local option election in question, and had written and signed same, or that the county clerk had made and signed said order. This testimony was admissible because it was part and parcel of the minutes of the court.

Appellant insists that the order of the county judge upon the minutes showing that local option election had been published for four consecu-

tive weeks was in the handwriting of the county clerk. In the case of Walker v. State, 52 Texas Crim. Rep., 293; 106 S. W. Rep., 376, we held that the county judge was not required to act as his own amanuensis, but that if he authorized the clerk to enter the order the same was valid. Here the record before us shows the county judge signed the minutes with an order declaring the result as having been published by him in the minutes. We think this is sufficient.

We further hold that the court did not err in forcing appellant to testify that he received commissions on orders for whisky, or in making him admit that he had retailers' liquor license.

On the trial of the case appellant introduced a judgment of acquittal of a man named Riley, above spoken of, who assisted in the sale in this case, thereupon the State, over objection of appellant, proved by the county judge that he found the witness Riley innocent because the testimony of the prosecuting witness did not identify Riley as the man who let him have the whisky. We do not think this was erroneous, and if so, it was not such error as was calculated to injure appellant in view of the minimum punishment.

The court did not err in charging that local option was in force in precinct No. 7. The orders were in all things regular.

The indictment is in proper form, and has been approved by this court several times during the present sitting.

We have examined appellant's special charges in the light of the main charge, and we do not find any error of the court in refusing same, but think the charge of the court properly presented the law of this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

RAMSEY, Judge.—If it were an original question I should be strongly inclined to hold that while the transaction disclosed by the testimony in this case might, under appropriate instructions, support a finding that same constituted a sale, the court was not authorized, as a matter of law, to instruct the jury that it was a sale. I think the rule laid down in the case of Ray v. State, 46 Texas Crim. Rep., 176; 79 S. W. Rep., 535, is the correct one and that while such a transaction may cloak and hide the true nature of the contract so that the jury could be authorized to find that the real facts show a sale, that the court is not authorized to say that a gift or loan made in good faith and not considered by the parties to be of any other character or quality than that which on its face it appears to be, is nevertheless, and under all circumstances a sale. This is not, however, a new question in this State. It was first decided adversely to appellant's contention in Keaton v. State, 36 Texas Crim. Rep., 259, rendered on June 26, 1896, where the point here in question was directly involved. Another opinion to the same effect was delivered by Judge Henderson in another case against the same defendant on the same day. (Keaton v. State, 36 Texas Crim. Rep., 259; 36 S. W. Rep., 440), where this conclusion is reached: "Where

defendant delivered liquor to another to be paid for in other liquor at some future time, the transaction was a sale within the law prohibiting the sale of intoxicating liquors within a local option district." This rule was followed in effect in Treadway v. State, 42 Texas Crim. Rep., 466, and Stanley v. State, 43 Texas Crim. Rep., 270. In 1904, in the case of Ray v. State, 46 Texas Crim. Rep., 176; 79 S. W. Rep., 535, the court held that "One who loaned another a bottle of whisky, to be returned when the other whisky came by express, the transaction not being intended as a subterfuge to cover a sale, is not guilty of an illegal sale under the local option law." This decision and the sentence above quoted expressly and clearly states my personal view. In the case of Tombeaugh v. State, 50 Texas Crim. Rep., 286; 17 Texas Ct. Rep., 472, the Ray case, supra, is in terms overruled, and it was there, on a full review of all the authorities, beginning with Keaton v. State, 36 Texas Crim. Rep., 259, held that "Where the prosecuting witness ordered a pint of whisky at a cold storage establishment known as the Farmers' club, and paid the money to the person in charge, and the defendant, a bystander, loaned him a pint of whisky to be returned when the whisky ordered was received, there was a sale by him within the meaning of the local option law, and that it was immaterial whether the defendant was a member of such club." In the still later case of Taggart v. State, 97 S. W. Rep., 95, decided on October 24, 1906, the same line of decisions is maintained and the rule originally announced in the Keaton case was reaffirmed. In this case there is no note of any dissent and the case may be accepted as laying down finally the rule which Judge Brooks applies in the case now being considered.

It does not need to be said that the question has had a strange and unsettled history and treatment. That the rule as finally and apparently firmly adopted in this court has been correctly applied by Judge Brooks in this case, cannot be questioned, and unless I am prepared to break away from and overturn the settled rule of a decision of this tribunal, adopted after full discussion and consideration, I am committed to an affirmance of the judgment. I do not believe the rule correct or well supported in legal reason. However, to now reverse it is to "make confusion worse confounded." I owe some respect to the settled decisions and opinions of this court and out of respect to its former holdings, with reluctance I agree to the judgment of affirmance.

DAVIDSON, PRESIDING JUDGE (dissenting).—Appellant is charged with violating the local option law in making a sale of intoxicating liquor to one Mack Bennett. My brethren affirm. The judgment ought to be reversed.

The substance of the evidence is as follows: Bennett testified that he was in appellant's clubroom about Christmas, 1906; that he had seen defendant a few times, and to the best of his belief identifies appellant as the man concerned in the transaction hereinafter mentioned. He stated to appellant that he wanted some whisky; appellant informed

him that he had none, but could order him some, which he would receive on the following day.    Witness wanted it then, and appellant said you might borrow some, mentioning Mr. Riley who was sitting by, and suggested he might loan the whisky to Bennett.   Bennett asked Riley if he could loan him some whisky until that which he had ordered would come. Riley told him he would, and he let Bennett have a quart of his whisky. Appellant then handed him a quart of Riley's whisky.    This witness never went back to get the whisky he had ordered, and did not know Mr. Riley; had never seen him before.    Appellant was present when Bennett and Riley were talking, and heard what was said between them, being just on the opposite side of the bar.    On cross-examination he says it was a Mr. Riley who loaned him the whisky, and told the defendant to let him have it, but he would not swear positively that Riley was the man from whom he borrowed it.    Riley was placed on the stand and denied letting Bennett have the whisky.    Appellant took the stand in his own behalf, and stated that he did not remember anything about the witness Bennett having borrowed whisky from any man by the name of Riley.    He identified the order given by the witness Bennett, and stated that he sent it off and got the whisky, and that Bennett came into his place of business a few days subsequently and got his whisky.

On the above state of facts the court charged the jury as follows: "You are instructed that if you believe from the evidence in this case beyond a reasonable doubt that the alleged prosecuting witness Mack Bennett on or about the 22nd day of December, 1906, or within two years anterior to the presentment of this indictment, did in justice precinct No. 7 in Coleman County, Texas, borrow a quart of whisky and that same was intoxicating, from any person, with the understanding and agreement that the said witness, Mack Bennett, had ordered whisky or would order whisky and when his the said Mack Bennett's whisky came, the person so loaning said whisky, if any, was to have whisky returned to him for the whisky so loaned, if any, and you further believe from the evidence beyond a reasonable doubt that the defendant Dave Coleman was present at the time and with the knowledge of such agreement, if any, to the said Mack Bennett said quart of whisky so loaned, if any, at the instance and request of the person loaning same, if any, then you are instructed that the said loan of said whisky, if any, under such circumstances, if any, would be an unlawful sale of intoxicating liquors within the meaning of the local option statute, and the defendant, Dave Coleman under such circumstances, if any, would be a principal in the said sale and would be guilty of a violation of the local option law and if you so believe from the evidence beyond a reasonable doubt it would be your duty to find the defendant guilty, and assess his punishment," etc.    "And in this connection you are charged that it would be necessary to constitute a sale for the State to prove that the witness actually returned the whisky if any borrowed."    The court further charged:  "Although you may believe there was no loan of whisky under above instructions still you are further instructed that if you believe from

the evidence beyond a reasonable doubt that the defendant Dave Coleman on or about the 22nd day of December, 1906, or within two years anterior to the presentment of the indictment herein did in justice precinct No. 7 Coleman County sell to Mack Bennett one quart of whisky and that same was intoxicating liquor, then it would be your duty to find the defendant guilty and assess his punishment," etc. It is here insisted by appellant that the first portion of the charge is error, and counter charges were asked. We are of the opinion that this contention is correct. The decisions in this State have been far from harmonious upon this question. In Keaton v. State, 36 Texas Crim. Rep., 259, it was held that where a party was engaged in ordering and shipping whisky and loaned to a party or secured the loan to a party who had given him an order for whisky to be replaced when the whisky came in obedience to the order, the sale would be an evasion of the law and the conviction would be sustained. In the case of Ray v. State, 46 Texas Crim. Rep., 176, the distinction was drawn between the proposition laid down in the Keaton case and that character of transaction which showed an accommodation loan. The Ray case followed the case of Vanarsdale v. State, 35 Texas Crim. Rep., 587, and the Vanarsdale case was followed also by Phillips v. State, 40 S. W. Rep., 270; Treadway v. State, 42 Crim. Rep., 466; Stanley v. State, 43 Texas Crim Rep., 270, and Barnes v. State, 88 S. W. Rep., 804 (Taggart v. State, 97 S. W. Rep., 95, may possibly bear upon the question, but rather remotely), we think have no application to the question of accommodation loans, and only are in point where there is an exchange of commodities for whisky. We think the difference between the two propositions is very wide. Ray's case was overruled in Tombeaugh v. State, 50 Texas Crim. Rep., 286; 17 Texas Ct. Rep., 472, which case was followed in Henderson v. State, 50 Texas Crim. Rep., 413; 17 Texas Ct. Rep., 809. It is not the purpose of the writer to enter into a discussion of those cases that involved the exchange of one character of property for another kind of property, but the question here under consideration is one where one character of property is loaned to be replaced by the same kind of property, the exchange under such circumstances being one of accommodation. In Ray's case, supra, it was said: "Under the facts of the Bruce case, 39 S. W. Rep., 683, and Keaton's case, 36 Texas Crim. Rep., 259; 38 S. W. Rep., 522, the loan or exchange was done simply to cover up a sale; that these parties were carrying on a liquor traffic in the local option territory, and the loans were simply evasions of the law and really were sales. But it was not intended by those decisions, nor is it the meaning of the law, and the Legislature certainly did not intend to hold as a sale the mere loan by one neighbor to another of intoxicants until that neighbor could secure and return the same amount of intoxicants. That in no sense would constitute a sale under our law. It would seem that if a mere accommodation loan would constitute a sale, there would be two sellers and no purchaser, or there would be two sales; that is, the man who loaned the whisky and the man who returned the whisky would each be a seller.

Our law is not intended to cover this character of transaction. The Constitution and the law both limit the transaction to a sale. If appellant simply loaned Riggins a bottle of whisky to be returned when Riggins' whisky came by express, and it was not intended as a subterfuge to cover a sale, he would not be guilty; and this phase of the law should have been presented to the jury. The charge asked by appellant or a similar charge should have been given. Vanarsdale v. State, 35 Texas Crim. Rep., 587." We wish to reiterate and emphasize the proposition that an accommodation loan to be replaced by the same character and amount of intoxicants, where the agreement has been complied with, would mean two sales, each party to the accommodation loan being a seller. And here we would suggest another thought under this character of case, to wit: that appellant may be the agent or friend in borrowing the whisky from the man who loaned it and not aiding the man who loaned it to transfer it. It is too well settled for discussion that the agent of the purchaser is not the seller to the purchaser. If Mack Bennett was assisted in borrowing the whisky from the man Riley, or the party who loaned the whisky, then ordinarily he would be acting as a friend and agent of the borrower and not of the lender. However, this might be determined by the facts to be otherwise. If Riley in this case and appellant were using this as a subterfuge to sell the whisky and the order was a part of the scheme, then, of course, Riley and appellant would both be guilty of the sale, because it would be a subterfuge and a direct evasion of the local option law, but if he in fact in good faith was ordering the whisky for Bennett, and Bennett desiring at once to get some whisky, and as Bennett's friend, appellant assisted him in borrowing the whisky from Riley, he would be the friend, and if the doctrine of agency applies he would be the agent of Bennett rather than of Riley, and in that event he would not be a seller, even if the accommodation loan amounted to a sale. There is no case that we recall which has ever held in this State that the borrower could be a seller, because if that were true, then both the borrower and the seller would be guilty of violating the local option law by reason of the fact they are both sellers. It might be profitable perhaps for the enforcement of the local option law that the borrower should be held equally with the seller, because the seller could not violate the law without the aid and assistance of the borrower. In other words, it takes two parties to make a contract. But we are of opinion that where the transaction is one of a mere accommodation loan with no intent to violate the law and not intended as a sale, but simply as a loan, the law would not be violated. See Vanarsdale v. State, supra; Ray v. State, supra; Buckner v. State, 48 Texas Crim. Rep., 558; 14 Texas Ct. Rep., 12; Taylor v. State, 121 Ala., 39; Robinson v. State, 59 Ark. 341; Skinner v. State, 97 Ga., 690. The Robinson case, supra, is in point, and it was there held that if the exchange was made in good faith, it would not be a sale, and the defendant should be acquitted, but if a subterfuge to evade the statute, it would be a sale and the defendant should be convicted. Commonwealth v. Abrams,

150 Mass., 393, under practically the same state of facts laid down a contrary rule. The correctness of the Abrams case has been more than doubted, and the great weight of authority is adverse to the holding in that case. Mr. Black, in his valuable work, criticises rather sharply the principle laid down in the Massachusetts case. See Black on Intoxicating Liquors, section 403; also Williamson v. Berry, 8 How., 495. In the Robinson case, supra, it was said, "When one procures liquor and agrees as the only consideration for the same to return an equal quantity of liquor of the same kind, such a transfer is in common parlance usually denominated a loan, and does not come within the legal meaning of the word sale. The law will not tolerate subterfuges of any kind, and if the defendant under pretense of making a loan of the whisky, to be returned in kind, actually sold the whisky, as alleged, he should be punished. Whether he sold it, or only in good faith exchanged it for other liquor of the same kind, is a question of fact, and it is his right to have that question submitted to the jury to be determined by them after a consideration of all the facts and circumstances surrounding the transaction." To the same effect is the text found in 17 Amer. & Eng. Ency. of Law, 2nd Ed., p. 298, and the great weight of authority all sustain the proposition that wherever these matters occur by trick, device, subterfuge or pretense, with a view of evading the operation or defeating the policy of the law, it would be a sale, but if made in good faith as a loan or an accommodation loan, it would not be violative of the law. In the Vanarsdale case, supra, this court, speaking through Judge Henderson, say: "If the jury believe, from the evidence, that the defendant exchanged with the said Henry Bingham, intoxicating liquor in good faith, then he would not be guilty; but, if the exchange or gift of the liquor was only simulated; that is, in appearance only an exchange, but was in fact a sale of liquors, then he would be guilty." And further commenting upon other charges, Judge Henderson further stated in that case: "It might be said that every method of procuring whisky in a local option precinct, except as authorized by law, is an evasion of the local option law; but every evasion of the law is not a criminal offense. The law makes criminal only a sale or exchange of intoxicating liquors in a local option precinct. Yet the court instructs the jury, in a general way, if the borrowing or exchange was for the purpose of evading the provisions of the local option law, that they would find the defendant guilty, when they were only authorized by the law to convict the defendant if, in such evasion, he became the seller or exchanger, or was interested, with the person selling or exchanging, in making such sale or exchange. The charge given was not the law, and was liable to mislead and confuse the jury." In the Buckner case, supra, the court, in substance, said, the evidence in the case authorized the submission of the issue whether a transaction was a bona fide loan or a sale of whisky in violation of the local option law under guise of a loan. The question at issue in the Buckner case was whether or not the transaction was a sale or a loan, and the court charged, substantially, that if the transaction

testified to was not a loan of whisky by defendant to the witness to be returned in kind by the witness, or the transaction was merely a subterfuge to evade the law, to conceal an unlawful transaction, then appellant would be guilty. This is the same proposition ascertained in the Ray case, and it is the proposition that has been adhered to by this court in all of its cases until the decision in the Tombeaugh case, supra. This principle was even recognized, as we understand, in the Bruce and Keaton cases, supra, for the court reached the conclusion in those cases and so announced in the opinion that the loan or exchange in both instances were simply made to cover an illegal transaction, which constituted a sale. We think the Ray case lays down the correct rule, and properly draws the distinction between subterfuges and honest transactions, as it occurs to us all the cases have done prior to the Tombeaugh case. A sale is not a matter of law, but one of fact, and sometimes perhaps may be a mixed question of law and fact. The law cannot make a sale unless the facts constitutes the transaction a sale. It may be that a bona fide transaction is an evasion of the law, for sales may be covered in various ways and many evasions of the law brought about, but still it is a question of fact to be decided by the jury under appropriate instructions. It is for the jury to decide and not for the court. Nor do we believe that it is for the court to say that all loans of intoxicants constitute sales, even under the most strenuous view that can be taken of the local option law. This proposition is recognized as being correct, for in the Tombeaugh case, it is stated there might be instances arising which would pull the transaction out from under the operation of the law, and illustrates it by snake bites. If the pressing necessity of a snake bite would eliminate a loan from the operation of a sale under the local option law, then any other pressing necessity such as sickness might be equally efficacious. There would be no stronger reason or necessity to exonerate a party from selling where a snake bite operated as a necessity than any other character of sickness that could be benefited by the use of intoxicant. The local option law on its face does exclude from violation such cases of necessity when they arise from sickness, provided there is a prescription given by a certain character of physician, but the Tombeaugh case does not require the prescription of a physician in case of snake bites. If the court can create one character of necessity, or hold that the law does, which is not specified, then the proposition is asserted that any pressing necessity would be equally within the principle laid down adopting the urgent necessity. An accommodation loan by one neighbor to another, if a sale by reason of the fact that it was such accommodation loan, the party would be guilty of a violation of the law without reference to any other fact connected with it. We are of opinion that an accommodation loan where there is no intent to bring about a sale, but simply the accommodation of one party to another, where there could be no possibility of a sale, as we understand it in the ordinary exceptation by which the parties were carrying on a business of that sort, or evading the law, would not be within the contemplation of the statute

inhibiting the sale or of the constitutional provision, section 20, article 16. We are of opinion, under the facts, that the court should have charged the jury the phase of the law with reference to an accommodation sale, and if the jury should find that it was simply an accommodation loan and not a sale, then the jury should acquit. Of course, a proper charge should be given in regard to a subterfuge or trick or evasion of the law and if either is found and not an actual bona fide loan, the party would be guilty.

I therefore think that the cases of Tombeaugh v. State, supra, and Henderson v. State, supra, should be overruled, and the doctrine announced in the Ray case held to be correct.

For the reasons indicated, I dissent.