### J. A. DANIEL v. THE STATE.

No. 42.    Decided December 15, 1909.

**Local Option—Exchange—Sale—Charge of Court.**

Where, upon trial for a violation of the local option law, the evidence showed that the defendant delivered to the State's witness a bottle of whisky, and at the same time received from said witness the money for the purpose of ordering another bottle of whisky to replace the bottle so delivered, this constituted a sale under the law, and there was no error in the court so instructing the jury, and refusing a requested charge that such facts would not constitute a sale. Following Coleman v. State, 53 Texas Crim. Rep., 578, and other cases.

Appeal from the County Court of Comanche. Tried below before the Hon. J. M. Rieger.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*G. E: Smith,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged in the County Court of Comanche County with unlawfully selling intoxicating liquors in violation of the local option law in said county. On trial he was convicted, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail. Appellant has appealed to this court, and assigns errors claimed to have been committed in the court below, and seeks a reversal of such judgment of conviction.

The facts, as appears from the record, show that in the summer of 1908, the prosecuting witness J. N. Redwine went to the office of Dr. Daniel, appellant, who was a practicing physician, to consult him in regard to a skin disease called eczema with which he had been suffering for some time. The witness then testifies as follows: "I went to his office and told him that I had come to get him to examine me and see if he thought he could do anything for me. I told him my trouble, and that I had a case of eczema, and had had it for about eleven years, and that it had gotten pretty much all over me, and had got into my face, and that I wanted something done for it provided he thought he could cure it. He said all right, that he would examine me and see whether he thought he could cure it or not. So he did, and after he had examined me, he said that he thought he could cure me, but that it would take a good while to do it; that I would have to keep up his treatment for a good while. So I asked him what he would charge; he said he would charge me twenty-five dollars, ten dollars to be paid down and $5 a month for three months. So I gave him ten dollars and he fixed up some medicine for me to use, and told me that one kind would have to be taken in whisky. I told him I did not have any whisky, and did not know where to get any, and asked him if he could get it for me, and he said that if I wanted him to he could order it for me, and I told him all right, and gave him $1. He said he had some whisky in the office that belonged to another party or another patient, and that if I wanted to take the quart he had for the other party I could do so and let the bottle he was ordering for me replace it when it came, and I said all right. He then took a small box from under the lounge in his office, and took out a quart bottle of liquor and handed it to me, and I took it home and used it in taking the medicine he had prescribed for me. The whisky gave out and I gave him another dollar and got him to order another bottle for me. When it came my wife and son were in town and I told my wife to bring it out; my son went to the doctor's office after it and got it and brought it home." Appellant also took the stand and testified, substantially, as the witness Redwine, and in addition, stated that he did not intend to violate the law, and that he had been in the habit of

doing this with his patients. This is a sufficient statement of the facts of the case to a proper understanding of the questions raised. The proof further shows that local option was in force in Comanche County.

1. The court in his charge to the jury, after the usual charge, gave the following: "If you find from the evidence beyond a reasonable doubt that on or about the 1st -day of August, 1907, or within two years anterior to the presentment of this indictment, in the county of Comanche and State of Texas, the defendant did deliver to the witness J. N. Redwine one bottle of intoxicating liquor, and at the same time the defendant received from the said witness one dollar for the purpose of ordering another bottle of intoxicating liquor to replace the bottle so delivered, if it was delivered, then you are instructed that such delivery, if any, by the defendant, was a sale, and if you so find you will find the defendant guilty and assess his punishment as hereinbefore instructed." This charge was excepted to by appellant in motion for a new trial, and appellant requested several special instructions as to what would constitute a sale, and further requested the court to give special charge No. 3, as follows: "You are instructed that if on or about the date alleged in the indictment, the defendant had in his possession a quart of intoxicating liquor, which he had theretofore purchased for another person, and had paid $1 therefor with money furnished by such other person, and if defendant had so purchased said liquor, if any, only as an accommodation to such person, for his own use, and if while such liquor was in the possession of defendant, the defendant in good faith, to accommodate the witness, J. N. Redwine, and not for the purpose of selling it to him, delivered such liquor to said Redwine, for medicinal purposes, and if, at the time of so delivering such liquor to said Redwine, defendant agreed with said Redwine to order a like quantity of liquor and pay therefor $1, then furnished defendant by said Redwine for such purpose, and to deliver the same to the owner, if any, of the liquor so delivered by defendant to said Redwine, and if defendant did order, receive and pay for such last quantity of liquor, with the $1 furnished defendant by said Redwine, and if defendant replaced the quart of liquor so delivered by him to said Redwine, with such last quart of liquor so ordered, if any, and delivered same to the owner of said first quantity of liquor, these acts would not constitute a sale to the witness, J. N. Redwine, unless you further believe that defendant was acting as the agent of the owner of the liquor so delivered by defendant to said Redwine, or was interested in a sale of such liquor." This charge was refused by the court below, and the question here presented is, was the the charge given by the court error? If so, then the proposition announced in the above special charge would have been correct. In view of the authorities in this State, commencing with the case of Keaton v. State,

36 Texas Crim. Rep., 259, we hold that the charge as given by the court was correct, and that it would have been error to have given the charge requested by appellant. In the Keaton case, supra, this court, speaking through Judge Henderson, held that on a trial for violation of the local option law, where it appeared that defendant delivered intoxicating liquor to another party, in the local option precinct, for which such other party was to pay him in other liquor at some future time; and it was contended that this constituted an exchange or barter, and not a sale, that the transaction constituted a sale. Penal Code, article 402, prohibiting the "sale" of liquors in a local option district, uses the word in its broader sense, including barter and exchange, and not in the restricted technical sense of a sale for a money price. In Ray v. State, 46 Texas Crim. Rep., 176, 79 S. W. Rep., 535, it was held that a mere accommodation loan by one neighbor to another, to be returned in kind, is not such an exchange as would constitute a sale. But the opinion in that case was expressly overruled in the case of Tombeaugh v. State, 50 Texas Crim. Rep., 286, and this court again reaffirmed the doctrine laid down in the Keaton case, supra. The question came before the court again in the case of Coleman v. State, 53 Texas Crim. Rep., 578, and the doctrine laid down in the Keaton and Tombeaugh cases was again reaffirmed. The facts in the Coleman case being as follows: That Mack Bennett, the prosecuting witness, about Christmas, 1906, in the town of Santa Anna, Coleman County, went into appellant's clubroom and told appellant he wanted some whisky. Appellant replied he had no whisky, but he could order some for witness and witness could get it tomorrow. "I told him I wanted it now; he said maybe you can borrow some. Mr. Riley there might loan it to you. I then asked the party whom the defendant called Riley if he would loan me some whisky; that I had ordered some from Mr. Coleman, and he said yes, and he told the defendant to let me have a quart of his whisky. The defendant then handed me a quart of Riley's whisky. I don't know what became of the whisky I ordered. The defendant has never delivered it to me." The witness gave at the time of making the order $1.25 to defendant. Under this state of facts the court instructed the jury that if they believed beyond a reasonable doubt that the prosecuting witness Mack Bennett did borrow a quart of whisky and that same was intoxicating, from any person with the understanding and agreement that the said Mack Bennett had ordered whisky or would order whisky and when his, the said Mack Bennett's whisky came, the person so loaning said whisky, if any, was to have whisky returned to him for the whisky so loaned, if any, and if they further believe from the evidence beyond a reasonable doubt that the defendant Dave Coleman was present at the time and with the knowledge of such agreement, if any, to the said Mack Bennett, said quart of whisky so loaned, if any, at the instance and request of the

person so loaning same, if any, the jury were instructed that the said loan of said whisky, if any, under such circumstances, if any would be an unlawful sale of intoxicating liquor within the meaning of the local option statute. This opinion was rendered by Judge Brooks. Judge Ramsey announced while he concurred in the affirmance of the case, that "if it were an original question I should be strongly inclined to hold that while the transaction disclosed by the testimony in this case might, under appropriate instructions, support a finding that same constituted a sale, the court was not authorized, as a matter of law, to instruct the jury that it was a sale." And stated that he thought the rule laid down in the Ray case, supra, was the correct rule, but inasmuch as this court had since the decision in the Keaton case, supra, laid down a different rule, which had been followed in the Treadaway case, 42 Texas Crim. Rep., 466; Stanley v. State, 43 Texas Crim. Rep., 270, and in Tombeaugh v. State, supra, he was constrained to agree to the affirmance of the Coleman case out of respect to the settled decisions and opinions of this court, and out of respect to its former holdings. The writer of this opinion dissented from the opinion of the majority of the court, and held that the rule laid down in the Ray case, supra, was the correct doctrine, and while I am still of the same opinion, and care to add nothing to what was said in my dissent in the Coleman case, and as the majority of the court holds a contrary opinion, the judgment of the court below will have to be affirmed, as the rule announced in the cases cited support the action of the court below in the charge given, and in refusing the special charges requested. No doubt appellant may not have intended to violate the law, and while the case has the appearance of being an innocent transaction, and perhaps appellant should not have been convicted, yet the law can not be made to bend to accommodate hard cases.

There being no error in the trial of the case below, the judgment is in all things affirmed.

*Affirmed.*