Bud McLendon v. The State.

No. 265.     Decided January 12, 1910.

**Local Option Sale—Requested Charges.**

Upon trial for a violation of the local option law, where the evidence showed that the defendant sold peaches, which were afterwards used in the manufacture of brandy, which latter was sold by a third party, and there was no evidence that defendant was interested in said sale of brandy, the court erred in not submitting requested charges on this phase of the case; and besides, the evidence was insufficient to sustain the conviction. Distinguishing Stanley v. State, 43 Texas Crim. Rep., 270, and Barnes v. State, 88 S. W. Rep., 804.

Appeal from the County Court of Upshur. Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Warren & Briggs,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

J. M. Smith is the alleged purchaser. The evidence for the State is through the witness Smith. The testimony of this witness discloses that in the fall he bought ten bushels of peaches from appellant. The peaches were to be delivered to a man by the name of Reynolds. For the peaches Smith paid appellant the sum of thirty cents a bushel, or $3. The peaches, as stated, were to be delivered by appellant to Hez Reynolds, who, the testimony discloses, owned a still. Appellant delivered the peaches in accordance with the contract to Reynolds. Some time afterwards Smith obtained from Reynolds a gallon of brandy, which he pronounced very good. He says he never bought any brandy or intoxicating liquor from appellant of any sort. His testimony shows his transaction had with appellant is in substance as above stated. Appellant took the stand, and testified that he sold the ten bushels of peaches. As stated by the witness Smith, they met in town one day, and Smith wanted some peaches, of which he had quite a lot, and he made a trade with him, selling the ten bushels at thirty cents a bushel, to be delivered to Reynolds. That he had a considerable orchard, and was raising peaches to sell to everybody, and that he shipped quite a lot of peaches to the market. In accordance with his contract with Smith he hauled the ten bushels of peaches and delivered them to Reynolds, and that was the last he knew of the matter or heard of it until he was arrested under this charge. That he never sold Smith any intoxicating liquors. The evidence from appellant and another witness shows that the sale of the peaches to Smith occurred in the latter part of August or in September. None of the witnesses were right definite as to the time. There are numerous exceptions reserved by appellant both as to the introduction of evidence and to the charge of the court as given, and special instructions refused, several of which are well taken.

1. One of the charges asked and refused is as follows: "You are charged at the request of defendant that a sale of peaches to witness J. M. Smith is not a violation of law, and you must acquit if you find he only sold peaches and not intoxicating liquor."

This charge was also asked and refused: "If you find from the evidence in the case that the defendant sold to J. M. Smith ten bushels of peaches, to be by him delivered to Hez Reynolds, or at Reynolds' still, you must acquit the defendant unless you further find that at the time Hez Reynolds delivered to J. M. Smith one gallon of brandy, if he did so, the defendant was interested in the brandy delivered, and that the claimed sale of peaches was fictitious and simulated."

Some of the exceptions, we think, to the charge are well taken,

but we notice those quoted to illustrate the idea that the case was not submitted to the jury as, in our judgment, it should have been.

It is unnecessary to discuss the application for continuance, as it may not arise upon another trial.

2. It is contended the evidence is not sufficient. We are of opinion this contention is correct. The best the State could make of the testimony through its witness Smith was that he had bought peaches from appellant, and in pursuance of the contract appellant had delivered the peaches to Hez Reynolds at his still. Smith does not say the peaches were to be manufactured into brandy, but concedes that was his reason for the purchase of the peaches. This would not constitute a sale of intoxicating liquors by appellant to Smith. The peaches were not intoxicating liquor. It is true they may have been subsequently manufactured into brandy, but if so, they were manufactured by Reynolds, and not by appellant, and under any of the testimony he was not interested in the sale of it, as we understand this record. It will not do to hold that every time a party sells peaches or fruit out of which brandy may be manufactured, that he would be guilty of violating the local option law in the sale of intoxicants, unless he was interested in the manufactured article, and he was interested in the manufactured article at the time it was sold. There is no evidence here showing that appellant was. It certainly would be carrying the doctrine far afield of the law to hold that every time the producer sells his product or produce out of which intoxicants in any form can be made, that, therefore, he is guilty of violating the law if subsequently to his parting with the title to the produce, it should be manufactured into an intoxicant and thereafter sold. We are of opinion this evidence does not show that appellant was in any wise connected with the sale of brandy to Smith. Smith swore that he did not purchase it from him; appellant swore he did not sell him anything but the peaches, and this is the State's case, and appellant's case.

It may be well enough to distinguish this case from the case of Stanley v. State, 43 Texas Crim. Rep., 270. The points in the two cases are not analogous, and the facts are entirely different. Had Hez Reynolds been indicted for selling brandy to State's witness Smith, it might have raised the question decided in the Stanley case, supra. A majority of the court held, in the case of Barnes v. State, 88 S. W. Rep., 804, that where a party delivered peaches or fruit to the owner of a still, and the fruit was manufactured into brandy, the owner of the still retaining one-half of the manufactured article, and the owner of the peaches taking the other half, this was a sale by the owner of the still of that portion of the brandy received by the party who carried the peaches to the still out of which the brandy was made. Those cases and this case are entirely different. In this case the testimony excludes any idea of sale of

intoxicants by the seller of the peaches; he only delivered the peaches at the still in accordance with his trade with Smith.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.