COMMONWEALTH *vs.* RACHEL ABRAMS.

Suffolk.    November 25, 1889. — January 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Sale of Intoxicating Liquors — Exchange.*

A delivery of intoxicating liquors, upon an agreement, express or implied, that other liquor will be returned in payment for it, is a sale within the meaning of the statutes relating to intoxicating liquors.

COMPLAINT for an unlawful sale of intoxicating liquors to Morris Wolf, on Sunday, May 19, 1889.   At the trial in the Superior Court, before *Dunbar,* J., there was evidence tending to show that Wolf went on the morning of the day in question to a lodging-house kept by the defendant, and asked her to sell him some lager beer; that, upon her refusal to do so, he told her that his wife was ill, and that a friend of hers had sent him to her with the assurance that she would lend him the beer; that finally, upon persuasion, she lent him the beer, upon the understanding that he would replace it the next day.   There was conflicting evidence as to whether during the transaction anything was said about money, and as to whether any money was paid by Wolf to her.

The judge instructed the jury, in substance, that if the beer was delivered by the defendant on the agreement, express or implied, that other beer was to be returned in payment therefor, it would be a sale; and requested them, if they returned a verdict of guilty, to find specially whether any money passed for the beer.   The jury found that no money was paid for the beer, and returned a verdict of guilty; and the defendant alleged exceptions.

*C. W. Cushing,* for the defendant.

*A. J. Waterman,* Attorney General, & *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

DEVENS, J.   It was found by the jury that, while no money passed or was to pass for the beer delivered by the defendant, it was delivered upon an agreement, express or implied, that other beer would be returned in payment for it.   The intention

of the Legislature in forbidding the sale of intoxicating liquors was to cover every transfer of them for value, in whatever form the consideration for such transfer was to be given or paid. The ruling that such a delivery as that found by the jury to have been · made was a sale, was therefore correct, and was in accordance with the previous decisions of this court. *Mason* v. *Lothrop,* 7 Gray, 354. *Commonwealth* v. *Burns,* 8 Gray, 482. *Commonwealth* v. *Clark,* 14 Gray, 367. *Howard* v. *Harris,* 8 Allen, 297.			*Exceptions overruled.*