## Skinner *v.* The State.

Where one *bona fide*, and with no criminal intent, "lends" a pint of whiskey to another to be consumed by the latter, he agreeing to return, and in fact returning, to the lender another pint of the same kind of whiskey, *this transaction does not violate a statute prohibiting and making penal the sale of spirituous liquors.* While, under section 2125 of the code, the "loan" of the first pint was, as between the parties, a "sale," as distinguished from a mere bailment, it was not a sale within the meaning of the statute referred to, which, because of its being penal in its nature, must be strictly construed.

February 7, 1896. By two Justices.

Indictment for selling liquor. Before Judge Janes. Douglas superior court. November term, 1895.

*B. G. Griggs*, for plaintiff in error.
*W. T. Roberts, solicitor-general*, contra.

LUMPKIN, Justice.

The question presented in this case is, whether or not "lending" a pint of whiskey to another, to be consumed by the latter, who agrees to return, and does in fact return, to the "lender" another pint of the same kind of whiskey, it appearing that the transaction was made in the utmost good faith and with no criminal intention, amounts to a violation of a statute which forbids and makes penal the sale of spirituous liquors.    We do not think it does.

There was no bargaining between them into which the element of trafficking entered.    It was only an act of neighborly accommodation on the part of the lender, and it would be a strain to call it a "sale."    It is quite true that if one lets another have whiskey in exchange for goods, for services, or for any other thing of value—such, for instance, as the hire of a vehicle (*Paschal* v. *State*, 84 *Ga.* 326), the transaction could very properly be characterized as a sale of the liquor.    But the present case is altogether different, for the reason that it had in it none of the elements which inhere in what is familiarly designated as "a trade."

The trial judge was probably governed in the view he entertained of this case by the language of section 2125 of the code, which provides that a "loan" of goods for consumption, shall be construed to be a sale, and not a bailment.    This section was specially designed for the protection of lenders as to the enforcement of their rights, and therefore very properly and wisely provided that transactions of this kind should take the legal character of sales, when any question arose as to the borrower's liability to account for the goods.    But this section has reference exclusively to civil remedies, and affords no basis for arriving at the meaning of a criminal statute, which, under all the rules, must be strictly construed.    To pursue a different course in the present case would, in our judgment, directly contravene the legislative intention.    We cannot believe

that the General Assembly ever contemplated that the act for which the accused was indicted should render him a criminal.                          *Judgment reversed.*