# Burton v. The State.

*Indictment for Aiding Prisoner to escape from Jail.*

1. *Aiding prisoners to escape from jail; admissibility of evi-
    dence.*—On a trial under an indictment charging the defend-
    ant with having carried into a county jail certain tools or in-
    struments for the purpose of aiding a prisoner confined in
    said jail to escape, the declaration of another person who
    was in jail at the time to the sheriff, that the defendant and
    another person conveyed said instruments into the jail, which
    were used in attempting to escape, is no part of the *res
    gestae,* but is merely hearsay evidence and inadmissible.
2. *Charge to the jury; repetitions need not be given.*—It is no
    error to refuse an instruction to the jury requested by the
    defendant, which is a mere repetition of those previously
    given at the defendant's instance.

APPEAL from the Circuit Court of Colbert.
Tried before the HON. THOMAS R. ROULHAC.

[Burton v. The State.]

The appellant was indicted, tried and convicted for conveying into a county jail a knife and a piece of steel, for the purpose of aiding a prisoner confined in said jail to escape.

On the trial of the cause, the State introduced as a witness J. B. Grisham, the sheriff of Colbert county, who testified to his discovering the prisoner, to whom the knife and the piece of steel had been delivered, about to escape; that he demanded from the prisoners confined in the jail the instruments with which they had cut the iron bars of the cage in which they were confined; and that he was handed a knife and a piece of steel. The defendant asked the witness as to what was his manner when he obtained the knife and piece of steel from the prisoner. The witness replied that his manner was not very mild, and that he told them to get in the cage and asked them where they got the implements. Thereupon the solicitor asked the witness to relate the entire conversation; the witness replied that he asked them where they got the knife and steel, and that "one Jake Miller, a prisoner, stated, 'Mr. Grisham, I will tell you the truth about it, Dick Burton and Charlie White put these things (knife and steel) in here.'" The defendant objected to the admission in evidence of the statement of the prisoner Miller, on the ground that it was illegal and hearsay evidence, and was made in the absence of the defendant. The court overruled the objection, allowed the testimony to go to the jury, and to this ruling the defendant duly excepted. There was other evidence on the part of the State tending to show that the defendant was guilty as charged.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—We cannot doubt that the court below erred in admitting the statement or declaration made by Miller to the sheriff, that the defendant and one White had put the knife and steel in the jail. Declarations or statements made by a party, when they form part of the *res gestae* of the transaction involved, having a tendency to elucidate it, made with-

out premeditation or artifice, and without regard to consequences, are admissible—they are regarded as parts of the transaction. But such declarations are not admissible if they are merely narrative of past occurrences.—1 Green. Ev., § 110; Whart. Cr. Ev., § 264. If at the time this statement or declaration was made, the defendant had made any declaration or statement, not criminating himself, in reference to putting the knife and steel into the jail, it would not be suggested that such statement or declaration formed part of the *res gestae* and was admissible evidence. The declaration of Miller was but a mere assertion of the guilt of the defendant, unverified, made in his absence when he had not the opportunity of contradiction, and is hearsay in its most objectionable form. The *res gestae* here involved, was the introduction of the knife and steel into the jail, to aid Blocker in escaping; that was the act constituting the offense charged in the indictment; the uses to which they were applied after introduction, formed no part of the *res gestae* or transaction.

In the refusal of the instructions requested by the defendant there was no error; they were mere repetitions of instructions which had been previously given at his instance.

For the error pointed out, the judgment must be reversed and the cause remanded; the defendant will remain in custody until legally discharged.

Reversed and remanded.