# Taylor *v.* The State.

*Indictment for Selling Spirituous Liquor without License and Contrary to Law.*

1. *Selling without license; property in the whiskey need not be in seller.*—A person who sells whiskey without license is guilty of a violation of the law, whether the property in the whiskey sold is in the seller or in some other person; it is the act of selling which the statute condemns.
2. *Charges in repetition need not be given.*—The court is not required to give requested charges in repetition, as where a charge is given at the request of a defendant, and he seeks to have given a second time substantially the same charge.

APPEAL from the County Court of Bibb.
Tried before Hon. N. H. THOMPSON.

The following are the charges requested by the defendant. 1. "If the jury believe that the defendant parted with the whiskey in any other way besides selling it, they must acquit the defendant." 2. "Unless the jury believe the defendant sold the whiskey, and did not exchange, barter or loan it, they must find him not guilty." 3. "If the jury believe it was a conditional sale, unless the conditions of sale have been complied with there was no sale and defendant must be acquitted." The other facts are stated in the opinion.

LOGAN & VAN DE GRAAFF, for appellant, contended that the defendant could not have been guilty of selling

the whiskey if he had no title to it, citing *Pilgreen v. State,* 71 Ala. 368; *Morgan v. State,* 81 Ala. 72.

CHARLES G. BROWN, Attorney General, and W. W. LAVENDER, for the State, contended that it is not error to refuse a correct charge asked in writing when the same charge has been substantially given.

DOWDELL, J.—The defendant was tried and convicted on an indictment for selling spirituous, vinous or malt liquors without a license and contrary to law. The evidence on the part of the State showed that within twelve months before the finding of the indictment and in Bibb county, the defendant sold to the witness, Mace Boyd, one pint of whiskey, and for which said Boyd paid defendant forty cents cash. The defendant denied the sale, and testified that he loaned the whiskey to Boyd, which was to be replaced by said Boyd. The defendant also testified that the whiskey, which he let Boyd have, did not belong to defendant, but was the property of other parties.

If there was a sale of the whiskey by the defendant to Boyd within the limits of Bibb county as charged in the indictment, the question of the ownership of the whiskey was wholly immaterial. A violation of the statute would be as complete in a sale by one of whiskey, the property of another, as it would be of the property of the seller. The act of selling the statute condemns. The court committed no error in its rulings on the evidence offered by the defendant to prove that the whiskey was the property of some other person and not the property of defendant.

Nor was there any error in the refusal of the court to give charges 2 and 3 requested by defendant. Charge 3 does not contain a correct proposition of law, besides being wholly abstract, there being no evidence of any conditional sale.

Any possible benefit which the defendant could have had under charge 2, was fully covered by charge numbered 1, given by the court at the request of the defendant. The court is not required to give charges in repetition, or where a charge requested has been already sub-

[The State v. Vaughan *et al.*]

stantially given. *McAlpine v. State*, 23° So. Rep., 130, s. c., 117 Ala. 93 ; *Burton v. State*, 23 So. Rep., 729, s. c., 118 Ala. 109 ; *Dennis v. State*, 23 So. Rep., 1002, s. c., 118 Ala. 72.

We are satisfied that with the instruction given by the court to the jury, contained in charge number 1 requested by the defendant, no injury resulted from the refusal to give charge 2. See section 4333, Code, 1896.

There being no reversible error in the record, the judgment of the county court is affirmed.