## J. T. HENDERSON v. THE STATE.

### No. 3416.    Decided November 14, 1906.

**Local Option—Accommodation Loan—Sale—Charge of Court.**

Upon a trial for a violation of the local option law, where the evidence showed that the prosecutor was ill and approached defendant to let him have some whisky, which the latter refused; that prosecutor then asked defendant to order him some whisky and gave him the money for that purpose; that prosecutor again asked appellant to loan him a pint of whisky until his whisky arrived and that defendant complied with said request; that both defendant and prosecutor stated that it was not a sale but a loan. Held, that this was no defense to the alleged sale and the court was not required to charge on that subject. Following Tombeaugh v. State, 50 Texas Crim. Rep., 286. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Cass. Tried below before the Hon. P. A. Turner.

Appeal from a conviction for violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment fixed at a fine of $25 and twenty days confinement in the county jail. There are no bills of exception in this record, nor special charges requested by appellant. The same question is involved in this case as in Tombeaugh v. State, just decided, and in accordance with that decision we hold that the defense set up by appellant of an accommodation loan, is no defense to the alleged sale, and that the court was not required to charge on that subject. The judgment is affirmed.

DAVIDSON, PRESIDING JUDGE (dissenting).—I cannot agree with my brethren in affirming this judgment. They dispose of the entire record, by stating that this case is similar to that of Tombeaugh v. State, decided at the present term. The facts in this case are practically the same as introduced by the State and appellant. There being but two witnesses, Erwin (the alleged purchaser) and appellant, in his own behalf, Erwin testified that he had been sick, and feeling badly went to appellant and requested him to let him have some whisky. Appellant declined. He then requested appellant for a loan of some whisky until his could come, which he had requested appellant to order. Appellant did order the whisky for Erwin, from Jefferson, Erwin having given him the money for that purpose. Erwin testified that appellant loaned him whisky, which was contained in a

flask, and as he remembered, it was a quart. However, appellant says it was but a pint. When Erwin's whisky came he replaced that which he had borrowed. Appellant testified that Erwin came to him, and was complaining of feeling very badly; that he had been having chills and was sick, and wanted appellant to let him have some whisky, which request defendant declined. That Erwin then asked him to order him some whisky, and gave him $1 for that purpose. Appellant complied with his request and ordered the whisky from Jefferson. Before Erwin left, appellant loaned him a pint of whisky for his use until his (Erwin's) whisky came. They both stated emphatically that it was not a sale; that it was not intended as a sale, but simply as a loan by appellant to Erwin under the circumstances above detailed. Appellant testified further that he did not sell whisky, nor engage in the sale of whisky; that he ordered the whisky as an accommodation, because he had a phone in his house. The practical effect of the court's charge under this state of case was to convict. Exception was taken to the charge, and also because the court did not submit the bona fides of the transaction; and further that if it was a mere accommodation loan, with no intention to violate the law, and not intended as a sale but simply a loan, defendant should be acquitted. I believe this charge should have been given. Vanarsdale v. State, 35 Texas Crim. Rep., 587; Ray v. State, 79 S. W. Rep., 535; Buckner v. State, 14 Texas Ct. Rep., 12; Taylor v. State, 121 Ala., 39; Robinson v. State, 59 Ark., 341; Skinner v. State, 97 Ga., 690. In Robinson's case, supra, which is a case in point, it was held, that if the exchange was made in good faith, it would not be a sale; and defendant should be acquitted, but if it was a subterfuge to evade the statute it would be a sale, for which defendant should be convicted. A contrary rule has been laid down in Com. v. Abrams, 150 Mass., 393, under practically the same state of case. But the correctness of this ruling has been more than doubted, and the great weight of authority is decidedly against it. Mr. Black, in his work on intoxicating liquors, speaking of this and other cases from that same court, says: "We think these decisions cannot be sustained on principle. A sale, we are told, is a word of precise legal import, both at law and in equity. It means at all times a contract between parties to give and to pass the right of property for money, which the buyer pays or promises to pay to the seller for the thing sold." Black on Intoxicating Liquors, sec. 403; Williamson v. Berry, 8 How., 494. And the arguments of Mr. Black, and some of the authorities, are to the effect that where the statute uses the word sale, it does not include exchange. But the decisions of this court have taken the other view, and that wherever there is an exchange for the purpose or with the view of evading the local option law, it would be tantamount to a sale, and for which the conviction could be obtained. But, as was said in the Robinson case, "When one procures liquor and agrees as the only consideration for the same to return an equal quantity of

liquor of the same kind, such a transfer is in common parlance usually denominated a loan, and does not come within the legal meaning of the word sale. * * * The law will not tolerate subterfuges of any kind, and if the defendant, under pretense of making a loan of the whisky, to be returned in kind, actually sold the whisky, as alleged, he should be punished. Whether he sold it, or only in good faith exchanged it for other liquor of the same kind, is a question of fact, and it is his right to have that question submitted to the jury to be determined by them after a consideration of all the facts and circumstances surrounding the transaction."

In 17 Amer. & Eng. Ency. of Law, 2nd ed., p. 298, this language is found: "There is some difference of opinion as to whether an exchange, barter or loan of intoxicating liquors is a sale within the meaning of the liquor laws. As the almost universally accepted meaning of the term sale, is a contract between parties passing rights of property for money paid, or agreed to be paid therefor, it would seem that these transactions are not within the prohibition of the statute. It has accordingly been held, that the barter or exchange, or loan of intoxicating liquors, is not a sale within the meaning of the statute." And in support of the statement in the text, that a loan is not within the statute, cites the Taylor, Skinner and Robinson cases, supra. The same book lays down as the text, "That wherever these matters occur by trick, device, subterfuge or pretense, with the view of evading the operation or defeating the policy of the law, it would be a sale." That these rules are well recognized as I understand, by the decisions of this court already cited. Such was the rule laid down in the Vanarsdale case, and the judgment in that case was reversed because of the failure of the court to so charge the jury. The charge excepted to in that case, is as follows: "If the jury believe from the evidence that the defendant exchanged with said Henry Dunham, intoxicating liquors in good faith, then he would not be guilty. But if the exchange or gift of the liquor was only simulated; that is, in appearances only an exchange, but was in fact a sale of liquors, then he would be guilty."

After setting out a couple of other charges to which exception was reserved, the court said: "It might be said that every method of procuring whisky in a local option precinct, except as authorized by law, is an evasion of the local option law, but every evasion of the law is not a criminal offense. The law makes criminal only a sale or exchange of intoxicating liquors in a local option precinct. Yet the court instructs the jury, in a general way, if the borrowing or exchange was for the purpose of evading the provisions of the local option law, that they would find the defendant guilty, when they were only authorized by the law to convict the defendant if, in such evasion, he became the seller or exchanger, or was interested, with the person selling or exchanging, in making such sale or exchange. The charge

given was not the law, and was liable to mislead and confuse the jury."

In Buckner's case, supra, this court said, in substance: that the evidence in the case authorized the submission of the issue whether the transaction was a bona fide loan or a sale of the whisky in violation of the local option law under guise of a loan. The question in the Buckner case was whether or not it was a sale or a loan; and the court charged, in substance, that if the loan and return of the whisky was only a subterfuge, to evade the law and conceal the sale or an unlawful transaction, appellant would be guilty. That is the proposition asserted in the Ray case, and it is the proposition I understand has been adhered to by this court in all the cases until the case of Tombeaugh v. State, and this case.

In Bruce v. State, 39 S. W. Rep., 683, and Keaton v. State, 36 Texas Crim. Rep., 259, the facts showed very clearly that appellant in each case was selling whisky under evasions of the law, in Parker County; and this was one of the subterfuges resorted to to evade punishment. They were ordering whisky for parties and loaning whisky until their orders should be filled. However, the facts in those cases are not stated as fully as they should have been in the opinions. But it was held that the loan and exchange in those cases was simply to cover a sale.

The Ray case laid down the rule, as I understand it to be or has been up to date in this State, and drew the distinction between subterfuges and honest transactions as all the cases have done. Both witnesses in this case testified fully and emphatically that it was not a sale, and not intended as a sale between the parties, and that it. was but an accommodation loan to Erwin by Henderson, because of his urgent request and the sickness of Erwin. I have always understood, and the proposition is too well settled to be questioned in this State, that the sale and place of sale is a question of fact to be determined in the main from the intention of the parties and the environments of the transaction. The law cannot make a sale unless the facts constitute a sale. A sale is not a matter of law but a matter of fact, and sometimes may be a mixed question of law and fact. Wherever the issue is made of sale vel non, the court cannot take away from the jury the right to pass upon the question of fact. I understand even in an apparently bona fide transaction, an evasion of the law may be found or intended, and sales may be covered in various ways, and evasions of the law brought about. Wherever these questions arise, it is one for the jury and not for the court. It will not do for the court to say that all loans of whisky constitute sales, even under the most strenuous possible view to be taken of the local option law. And this is recognized in the Tombeaugh case, for Judge Henderson, rendering the opinion for the majority, says that there might be instances arising that would put the transaction out from a violation of the law, and illustrates snake-bites. If that is correct, then it is

equally true, that sickness would be as much a necessity as a snake-bite. But I am not placing this question, on the ground of necessity, however righteous that may be. I place my dissent in this case mainly upon the proposition, that it was not a sale; was not intended as a sale, but simply as an accommodation by one friend to another. I will say, however, that this law was never intended, as I understand it, under the harshest possible construction, to punish citizens of the State living in the local option territory, for the loaning of whisky in cases of sickness or matters of that sort, suggested by the ordinary principles of humanity. If the transaction is a loan and not intended to operate as a sale, or as an evasion of the law, then it would not be a sale. These remarks are made with the clear understanding that loans or exchanges or barters or anything of that sort that may cover up sales, where a sale is intended, would be a violation of the local option law. But where, as in this case, there was no intent to sell, but simply to make a loan, under the circumstances detailed, it would not be a sale, and a conviction ought not to be had. I do not believe that the judgment in this case ought to have been affirmed, that the exceptions were well taken, and the judgment should be reversed. Therefore I dissent.