# J. K. BROWN, JR., *v.* STATE.

## *(Knoxville.    September Term, 1908.)*

1.  **INTOXICATING LIQUORS.** Punishment fixed by State for
    sale thereof without license cannot be changed by trial court.
    The punishment fixed by statute (Acts 1899, ch. 161, sec. 1) upon
    conviction for the offense of selling intoxicating liquors with-
    out the prescribed license is a fine of not less than fifty dol-
    lars, nor more than two hundred dollars, and imprisonment
    in the county jail or workhouse for six months, and the trial
    court has no discretion or authority to change the terms of
    the punishment.    (*Post, pp.* 190, 191.)

    Acts cited and construed:    Acts 1899, ch. 161, sec. 1.

2.  **SAME.** Loan of whisky to be returned in kind and so returned
    constitutes a sale thereof in the sense of the statute prohibiting
    its sale.
    The exchange of whisky for whisky by a loan of whisky to be
    returned in kind, which is in fact returned in kind as agreed,
    is a transaction constituting a "sale" thereof within the mean-
    ing of the statute (Shannon's Code, sec. 6795) making it
    unlawful to sell or tipple intoxicating liquors within four
    miles of any schoolhouse, and within the meaning of the
    statute (Acts 1899, ch. 161, sec. 1) making it a misdemeanor
    to sell intoxicating liquors without a license, when construed in
    view of the statute (Shannon's Code, sec. 6783) requiring
    these provisions "to be construed liberally so as to prevent
    evasion and subterfuges and to effectuate the object had in
    view."

    Code cited and construed:    Secs. 6780, 6783, 6795 (S.); secs.
    5667, 5670, 5679 (M. & V.); secs. 4857, 4860 (T. & S. and
    1858).

    Acts cited and construed:    Acts 1899, ch. 161, sec. 1.
    Cases cited and approved:    Commonwealth v. Abrams, 150 Mass.,

---

Brown v. State.

---

393; Commonwealth v. Burns, 8 Gray, 482; Commonwealth v. Clark, 14 Gray, 367; Kenton v. State, 36 Tex. Crim., 259; Bruce v. State (Tex. Crim.), 39 S. W., 683.

3. **SAME.** Purpose in requiring license for the sale thereof is to provide revenue and to restrict and regulate the business.

The legislative purpose in making it a misdemeanor to sell intoxicating liquors without a license was to provide revenue for the government and to restrict and regulate the liquor business. (*Post, p.* 192.)

Cases cited and approved: Webster v. State, 110 Tenn., 491; Foster v. Speed, 112 Tenn., 470, 473.

4. **CRIMINAL LAW.** Charge assuming an unquestioned fact constitutes a harmless error, when.

Where the accused was clearly guilty of selling intoxicating liquor contrary to the statute, by exchanging or lending it to be returned as shown in the second headnote, which transaction was not questioned, an error in the charge assuming the fact of the exchange by a loan and return thereof, and instructing the jury that such transaction was a subterfuge rendering the defendant guilty, was a harmless error. (*Post, pp.* 189, 196, 197.)

Case cited and approved: Bruce v. State (Tex. Crim.), 39 S. W., 683.

---

FROM BRADLEY.

---

Appeal in error from the Circuit Court of Bradley County.—GEORGE L. BURKE, Judge.

JOHN K. RANDOLPH, for Brown.

ATTORNEY-GENERAL CATES, for State.

---

MR. JUSTICE BELL delivered the opinion of the Court.

The defendant was indicted in the circuit court of Bradley county on the 11th day of May, 1907, for unlawfully selling or tippling intoxicating liquors. The indictment contained two counts—the first, for selling intoxicating liquors as a beverage within four miles of a schoolhouse where school was kept; the second count, for unlawfully selling liquor without first obtaining a license to sell the same.

The defendant was tried on his plea of not guilty, and the jury returned a general verdict, finding the defendant guilty as charged in the presentment. The court, upon this conviction, assessed a fine against the defendant of $50, and sentenced him to confinement in the county jail, or workhouse, for a period of thirty days.

Defendant entered a motion for a new trial, which was heard and overruled by the court, and he prayed and was granted an appeal to this court.

Only one State's witness, Cam Loyd, was examined on the trial below, and the defendant introduced no evidence at all.

Cam Loyd testified in substance that within twelve months before the finding of the indictment, in Bradley county, he borrowed a pint of whisky from the defendant, to be paid back in whisky. This was during the Carnival at Cleveland. He did not buy the whisky, but told the defendant that he wanted to borrow the whisky, and some time afterwards he paid it back in kind. Witness stated that he had, just before this on

two or three different occasions, borrowed a pint of whisky from defendant in Cleveland. The whisky borrowed on these occasions was also paid back in whisky some time afterwards. The whisky borrowed and paid back each time was within four miles of the public school in Cleveland, where school was taught. Witness never bought or paid any money for any of this whisky, but always paid it back in kind. He did not return the same whisky loaned, but returned other whisky.

The case is before this court for review upon the bill of exceptions.

Defendant has assigned two grounds of error.

(1)  "There is no proof to sustain the finding of the jury, or sustain their verdict, or judgment of the court."

(2)  "The court erred in charging the jury that the borrowing of the whisky and the payment of the loan by a similar quantity of whisky was a violation of law and a sale of liquor for the following reasons: (a) Because such charge was an invasion of the rights and prerogative of the jury, whose duty alone it was to determine from the proof whether such a loan and repayment was a sale and violation of the law. (b) Because there is no law prohibiting a friend from borrowing any quantity of whisky from another friend, and forbidding such friend to replace the loan by returning a similar quantity of whisky so borrowed. Such a transaction is not a sale within the meaning of the statute. (c) Because the court erred when he in-

structed the jury that such a transaction was a sub-
terfuge and defendant would be guilty. This was alone
a question for the jury to determine whether it was a
subterfuge. (d) The court's statement in reference to
the loan of a horse and the return of the same animal,
coupled with the following remarks comparing the loan
of the commodity and the return of a different article,
was misleading and prejudicial to the defendant, and
besides, was not the law."

The two counts of the indictment are based upon two
separate statutes, and the punishment in each statute
is different. The first count of the indictment is for
selling intoxicating liquors within four miles of a school-
house, and is based upon section 6795 of Shannon's
Code, and is as follows:

"It shall not be lawful for any person to sell or tipple
any intoxicating liquor, including wine, ale and beer
as a beverage, within four miles of any schoolhouse,
public or private, where school is kept, whether the
school be then in session or not, in this State, and any
one violating the provisions of this section shall be
guilty of a misdemeanor and upon conviction shall be
punished by a fine for each offense of not less than ten
dollars, nor more than one hundred dollars and im-
prisonment for a period of not more than six months,
at the discretion of the court."

The count for selling whisky without a license is
based upon section 1, c. 161, p. 309, of the Acts of 1899,
as follows: "Be it enacted by the general assembly

Brown v. State.

of the State of Tennessee, that any person or persons selling or aiding in selling in any way whatever, intoxicating liquors, without a license required by law, shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than fifty dollars, nor more than two hundred dollars, and imprisonment in the county jail or workhouse for a period of six months, for each and every offense," and which was intended by the legislature to take the place of section 6780 of Shannon's Code, as follows:

"It is a misdemeanor to sell spirituous or vinous liquors without first obtaining a license therefor."

Section 6783 of Shannon's Code is as follows:

"The provisions of this article are to be construed liberally so as to prevent evasion and subterfuges and to effectuate the object had in view."

The latter section, it will be seen, refers to the section above quoted, making it a misdemeanor to sell spirituous or vinous liquors without a license. The punishment fixed by statute (Acts 1899, p. 309, c. 161) for selling liquors without license is a fine of fifty dollars and not less than six months in the county jail or workhouse, and the judge trying the case has no discretion or authority to change the terms of punishment.

It will be seen the court trying the cause fixed the punishment under the statute for selling liquors within four miles of a schoolhouse, although the jury returned a general verdict.

The question to be determined by this court is: Was this exchange of whisky for whisky, or loaning whisky by the defendant to be returned in kind, a violation of both, or one, or either, of these statute laws? Construing the whisky laws liberally, "so as to prevent evasion and subterfuges," as we are required to do under the section quoted above, were these transactions between the defendant and the witness, Cam Loyd, a sale? ·

This direct question seems not to have been before the supreme court of Tennessee before, or at least we have been unable to find any Tennessee decision bearing directly upon the question.

It is evident that the object and purpose of the legislature, under the statute providing against selling intoxicating liquors within four miles of a schoolhouse where school is kept, was to prevent the sale of liquors at all within the prescribed limits.

The object and purpose of the legislature in making it a misdemeanor to sell liquor without a license was to provide State and county and municipal revenue, and for the restriction and regulation of the business. *Webster* v. *State,* 110 Tenn., 491, 82 S. W., 179; *Foster* v. *Speed,* 112 Tenn., 470, 473, 111 S. W., 925.

The lower court, in overruling defendant's motion for a new trial and pronouncing judgment upon the verdict of the jury, held as a matter of law that the exchange of whisky for whisky, under the facts of the case, was a violation of these statutes.

Brown v. State.

We are of the opinion that the circuit judge was correct in this holding. We do not mean to say or hold that every possible exchange of intoxicating liquor for liquor would be a violation of the law, but we do hold that one engaged in the exchange of whisky for whisky, as was found in this case, is a violation of the law.

This same question was before the supreme court of Massachusetts at the January term, 1890, upon a similar statute to our own, making it a misdemeanor to sell liquor without a license.

The supreme court of Massachusetts said "that a delivery of intoxicating liquor upon an agreement, express or implied, that other liquor will be returned in payment for it, is a sale within the meaning of the statute relating to intoxicating drinks. *Commonwealth* v. *Rachel Abrams,* 150 Mass., 393, 23 N. E., 53.

The proof developed on the trial in the Massachusetts case above cited is as follows:

"The witness for the State, Wolf, went on the morning of the day in question to a lodging house kept by the defendant and asked her to sell him some lager beer; that upon her refusal to do so he told her that his wife was ill, and that a friend of hers had sent him to her with the assurance that she would lend him the beer; that finally, upon persuasion, she lent him the beer upon the understanding that he would replace it the next day. No money passed in the transaction. The jury returned a verdict of guilty."

121 Tenn.—13

The supreme court of Massachusetts, in reviewing the case, said:

"While no money passed, or was to pass, for the beer delivered by the defendant, it was delivered upon an agreement, express or implied, that the beer would be returned in payment for it. The intention of the legislature in forbidding the sale of intoxicating liquors was to cover every transfer of them for value, in whatever form the consideration for such transfer was to be given or paid. The ruling that such a delivery as that found by the jury to have been made was a sale was therefore correct, and was in accordance with the previous decisions of this court."

The court cited *Commonwealth* v. *Burns*, 8 Gray, 482, and *Commonwealth* v. *Clark*, 14 Gray, 367, as sustaining this position.

This same question was also before the court of criminal appeals of Texas in two cases, and it is held in each case "that an exchange of liquor for other liquor is a sale within the local option law." The first case cited, *Kenton* v. *State*, is reported in 36 Tex. Cr. R., 259, 38 S. W., 522. The court in this case held that there was no distinction between a sale and an exchange; that is, that "a sale includes an exchange." This court said:

"In our opinion it was the intention of the legislature to inhibit the sale of intoxicating liquor in the broadest sense of that term, including barter and exchange. This view is not only in consonance with the spirit of

the statute itself, but is supported by the authority heretofore referred to defining sales. The exchange in this case was but a mode of sale. Although the whisky was traded or bartered for whisky, it was a valuable consideration, and was the *quid pro quo* of that transaction."

The same court, in the case of *Bruce* v. *State,* reported in 39 S. W., 683, cited with approval the case of *Kenton* v. *State,* and held that an exchange of liquor for other liquor is a sale within the local option law.

The facts in the case of *Bruce* v. *State* were as follows:

"Bruce and Kenton were engaged in business together. They seem to have been engaged in selling soda water, cigars, and tobacco, and had a cold storage department connected with it. All the witnesses who testified in the case, testified to an exchange of whisky for whisky with the defendant Bruce and Kenton at their place of business; the method being for one customer to procure an express order and carry it to one of the parties, either Kenton or Bruce, and authorize them to send for whisky, and then, pending the arrival of the whisky sent for, to borrow whisky by the bottle of either defendant Bruce or Kenton as either happened to be present, and on arrival of the whisky sent for to pay it back to them."

It will be seen, from the facts recited in the record of the two cases in the court of criminal appeals of Texas, how easy it would be to evade the law requiring

a license to sell intoxicating liquor, and the law against the sale of liquor within four miles of a schoolhouse, where school is kept, if it should be held that an exchange of liquor for liquor was not a sale.

If a party were permitted to exchange whisky for whisky, wine for wine, and beer for beer, he could buy a large consignment of intoxicating liquors, and locate himself near a school or college, and ship the same to his place of business, and advertise his plan of exchange, and furnish, exchange, and loan his liquors to the young men who had gathered there, and permit them to come every day and borrow whisky, wine, or beer *ad libitum,* and return it in kind at their will. They could return the same quality of whisky in larger quantities, or they could return the same kind of whisky in the same quantity, or they could return a better grade of whisky for a lower grade received, and he could continue this business at great profit to himself and very great annoyance and demoralization to the community and school, and the law would be powerless to prevent it, unless an exchange of liquor under the law be held to be a sale.

This would be a clear evasion of the law and a subterfuge. To hold otherwise would open the door to unscrupulous persons to engage in the exchange of liquors through the entire dry territory of the State.

The first assignment of error is overruled.

The second assignment of error goes to the same question, and also to the charge of the court. The bill

Brown v. State.

of exceptions does not undertake to give the entire charge of the court, but only a short excerpt of the charge, upon which error is assigned; but, as said in the case of *Bruce* v. *State,* above cited:

"If the charge of the court was erroneous, it still was harmless, in view of the fact that the exchange of liquor in this case by appellant for other liquor is not questioned."

This court has frequently taken and held the same view.

The defendant is shown to have exchanged or loaned the witness whisky at three or four different times, and the whisky is shown to have been returned in kind. This makes out a clear case of a violation of both statutes above quoted.

Under the facts of this case, the conviction of the defendant was proper, and the judgment of the lower court is affirmed.