STATE v. GEORGE MITCHELL.

(Filed 15 November, 1911.)

**Spirituous Liquors—Barter and Exchange—Loan of Liquors—Interpretation of Statutes.**

When one lends spirituous liquor with the understanding that it shall be returned in kind, the title to the liquor passes absolutely for the consideration of its being replaced, and the transaction is a barter or exchange and comes within the meaning of the word "sale," and therefore is a violation of the State prohibition law. Laws Extra Session of 1908, ch. 71.

APPEAL from *W. J. Adams, Jr.,* at May Term, 1911, of FORSYTH.

Criminal action for selling liquor in violation of the prohibition law. The defendant was convicted in the recorder's court, and upon appeal to Superior Court was again convicted, and appealed to the Supreme Court.

*Attorney-General T. W. Bickett and Assistant Attorney-General G. L. Jones for the State.*
*Louis M. Swink and J. S. Grogan for defendant.*

BROWN, J. There is but one question presented, and that is, Is it a violation of the prohibition act for one to lend another whiskey upon the understanding that other whiskey will be returned in place of it?

The evidence is contradictory. The prosecuting witness testified that he purchased the liquor for cash, and paid 50 cents

down when he made the purchase. The defendant testified that he furnished whiskey to the prosecuting witness, but that it was a loan, and upon the understanding that the whiskey was to be returned as soon as an order made by prosecuting witness could be received. The point comes up on the charge of the court, who instructed the jury as follows:

"If you find from the evidence, beyond a reasonable doubt, that the witness Curry applied to the defendant for liquor, and it was then and there agreed by and between the witness Curry and the defendant that the defendant would let Curry have whiskey in consideration of an agreement on the part of Curry to deliver to the defendant other whiskey in return for that which he received, and after this agreement was made the defendant delivered to the witness Curry a quantity of whiskey, in consideration of the agreement of Curry to deliver to the defendant a like quantity when Curry's whiskey arrived on the train, such transaction, if not a technical sale, would nevertheless be such as is made unlawful by the statute to which your attention has been directed, and your verdict will be 'Guilty.' "

This exact question has never been decided in this State, and it has been decided both ways in other jurisdictions.

The Cyclopædia of Law and Procedure says: "Where the statute prohibits the sale of liquor by certain persons or under certain conditions, when the indictment distinctly charges the sale, there can be no conviction on evidence which proves a gift or exchange of liquor as distinguished from a sale."

Again, on p. 181 of the same volume, "A loan of liquor, with the understanding that it is to be repaid in other liquor of the same kind, is not a sale." 23 Cyc., 269. The author of the article in Cyc. is Henry C. Black, author of the well-known work on Intoxicating Liquors.

The cases cited in the notes do not appear to fully sustain the text. It is held in Georgia that an exchange of liquor does not constitute a sale. *Skinner v. State,* 97 Ga., 690. Same in Arkansas. *Robinson v. State,* 59 Ark., 341. It was so decided in Texas in *Ray v. State,* 46 Tex. Crim. Rep., 176, but specially held otherwise and the *Ray case* overruled in *Tombeaugh v. State,* 98 S. W., 1054.

The true rule, we think, is clearly stated by the Supreme Court of Texas in the latter case: "While the doctrine of an accommodation exchange seems to have been recognized by this Court in the *Ray case, supra,* in our opinion that case should be overruled. There might be a case—to illustrate, where some member of a family should be bitten by a snake, or some venomous insect—that would require the immediate use of whiskey, with no time to send for a physician to obtain a prescription. In such case, it might be allowable to borrow whiskey from a neighbor on account of such emergency. We do not believe the doctrine should be extended beyond some pressing necessity; certainly not to a case of a loan by one club member of whiskey to a stranger in social drinking as a beverage. In our opinion, it makes no difference in this respect whether the party loaning be a club member or not. His exchange of whiskey to another person under the circumstances here detailed would be a sale, and comes under the doctrine announced in *Keaton's case,* 36 Tex. Crim., 259. We fail to see any difference between such transaction and the payment of money for the whiskey at the time."

These cases appear to sustain that view: *Com. v. Clark,* 80 Mass., 367; *Com. v. Abrams,* 150 Mass., 393; *Leach v. State,* 53 S. W. (Texas), 630; *Taggart v. State,* 97 S. W. (Texas), 95; *Sparks v. State,* 99 S. W. (Texas), 546; *Coleman v. State,* 111 S. W. (Texas), 1011; *Beckham v. State,* 111 S. W. (Texas), 1017; *Wilson v. State,* 111 S. W. (Texas), 1018.

*Justice Manning,* in *S. v. Colonial Club,* 154 N. C., 177, reviews the authorities to some extent, as to what constitutes a sale. Quoting from 2 Black. Com., 446, he says: "A sale is a transmutation of property from one man to another in consideration of some price or recompense in value."

*Justice Dillard,* in *S. v. McMinn,* 83 N. C., 668, defines a sale as follows: "A sale is the transmutation of the property in a personal chattel from one to another on a *quid pro quo,* paid or agreed to be paid, and such a change of property in the retail of spirituous liquors by the small measure is usually effected by the delivery of the article and the payment of the price simultaneously; but it may be made in other modes," etc.

We think, tested by these definitions, in any view of the evidence the transaction constituted a sale and was a clear violation of the prohibition law of this State.

The transaction was nothing more or less, according to the defendant's own evidence, than a barter of liquor. The title to the liquor passed absolutely, and the same rules of law are applicable to the transaction whether the consideration of the contract is money or other liquor to be delivered at some future date.

As said in *Commonwealth v. Clark, supra,* by the Supreme Court of Massachusetts: "It can make no essential difference in the rights and obligations of parties, that goods and merchandise are transferred and paid for by other goods and merchandise instead of by money, which is but the representative of value or property."

In adopting the prohibition statute enacted by the General Assembly, our voters had in view the prevention of the traffic in intoxicating liquors in the State. If it were allowable to carry on an exchange or barter for whiskey, the law would be rendered practically worthless and incapable of enforcement. Whenever a person was charged with an illicit sale of liquor the defense in most cases doubtless would be that the transaction was only an exchange or barter.

Our statute is very broad and comprehensive in its terms, and its framers evidently had in view not only the prohibition of a sale of liquor for money, but for barter likewise. It reads: "It shall be unlawful for any person or persons, firm or corporation, to manufacture or in any manner make, or sell, or otherwise dispose of for gain," etc. Public Acts, Extra Session, 1908, ch. 71.

We think his Honor was correct in his instructions to the jury.

No error.