D. M. HILLER *v.* T. B. CRENSHAW, *Clerk of County Court, et al.*

*(Jackson.* April Term, 1916.)

COMMERCE. "Interstate commerce." Engagement in by liquor dealer. Statute.

Under Acts 1909, chapter 479, section 4, subjecting the occupation of wholesale liquor dealer to a privilege tax, making it a misdemeanor to exercise the privilege without first paying the tax, and section 16, providing that the inhibition of the act shall not apply to any person engaged in interstate commerce, a liquor dealer, who sold to customers out of the State, securing his supply from other dealers in the city, who carried a "borrow and loan" account with such other dealers and in turn supplied them with liquors, thus balancing accounts, but making settlement by cash payment in one case, was doing an intrastate business, and so liable for the tax.

Acts cited and construed: Acts 1909, ch. 479, sec. 4.

Cases cited and approved: Heyman v. Hays, 35 Sup. Ct., 403; Cargill v. Minnesota, 180 U. S., 452; Tombeaugh v. State, 50 Tex. Cr. R., 286; Ray v. State, 46 Tex. Cr. R., 176; Howard v. State, 72 Tex. Cr. R., 624; State v. Mitchell, 156 N. C., 659; Com. v. Abrams, 150 Mass., 393; Brown v. State, 121 Tenn., 186; Jones v. State, 66 So., 987.

Code cited and approved: Sec. 6783 (S.).

FROM SHELBY

Appeal from the Chancery Court of Shelby County. —FRANCIS FENTRESS, Chancellor.

P. M. Canale and I. H. Peres, for appellant.

R. L. Bartels, for appellees.

Mr. Justice Williams delivered the opinion of the Court.

Hiller filed the bill of complaint in this cause against Crenshaw, clerk of the county court of Shelby county, and Woolen, revenue agent for the State, to enjoin the assessment and collection of privilege taxes about to be assessed in behalf of the county and State, respectively, against complainant as a wholesale liquor dealer. The bill alleged that complainant, while doing business as a wholesale liquor dealer, was so engaged exclusively in carrying on interstate commerce, and had confined his business to sales of liquors to nonresidents of this State.

The defendants answered and denied this allegation, and filed a cross-bill, praying judgment for the privilege taxes. The chancellor held complainant and cross-defendant liable for both privilege taxes. Hiller has appealed and assigned errors.

The statute relied on by the State and county is Act 1909, chapter 479, section 4, which provides that the occupation or business of a wholesale liquor dealer is subject to a privilege tax of $500, payable to each of the governmental bodies, and defines that persons who sell liquors in quantities of one quart or more are wholesale dealers. It is made a misdemeanor to exercise the privilege without first paying the tax;

"but this inhibition shall not apply to any person, firm, or corporation engaged in interstate commerce." Section 16.

1. The first contention of the cross-complainants in support of the claim to the taxes is that the doing of an intrastate business is made manifest by the following facts in proof: In the ordinary course of his business, Hiller customarily replenished his stock by purchases made of various liquor dealers in Memphis. He would either telephone for the liquors or order them in person, and they would be delivered at his place of business in bulk; he would break the packages, distribute the stock in his storeroom, and later ship to customers out of the State.

The decision in *Heyman* v. *Hays,* 35 Sup. Ct., 403, 236 U. S., 178, 59 L. Ed., 527, is relied on by appellant, Hiller. In that case, however, the supreme court of the United States apparently took pains to show that the particular feature here involved was not to be deemed one appearing in that case; that is the replenishing from other dealers located in this State of the stock of Hiller, gathered for shipments to points out of this State. While we think it apparent from the opinion in the *Heyman Case* that the supreme court had this factor (*Cargill* v. *Minnesota,* 180 U. S., 452, 21 Sup. Ct., 423, 45 L. Ed., 619) in mind, and that it was not touched upon, by way of inclusion in its ruling we are of opinion that the instant case may turn upon another point.

2. Further proven facts are that, as a customary and substantial feature of his business, appellant carried with other liquor dealers in Memphis what he terms a "borrow and loan account."

Certain liquors, as and when desired by Hiller for his business, were delivered to him by other dealers in Memphis who charged him therefor, and Hiller in turn would enter upon his invoice book or ledger a charge against himself for these liquors. Later 'on he would credit this charge, when liquors either of like character or different character, but equal in value to those received by him, were returned.

Liquor dealers in Memphis would obtain liquors from Hiller from time to time as they desired, and when they did so Hiller would charge them with the goods delivered to them. When such dealers returned goods of like value (not necessarily the same character of goods), Hiller would credit the party to whom he had previously delivered the liquors. In at least one instance settlement was made by cash payment, and it is a fair inference that such mode of settlement was optional.

The chancellor was warranted in basing his decree on these facts. There was no legitimate emergency that could even tend to justify a lending; the return or compensation was not to be in the same kind of liquor, or necessarily in liquor at all. The service and supplies thus afforded were those that some dealer in due course would have had to furnish but for the lending indicated.

Hiller v. Crenshaw.

By legislative pronouncement the laws in relation to illegal sales of liquors "are to be construed liberally, so as to prevent evasions and subterfuges, and to effectuate the objects had in view." Code (Shannon), section 6783.

The trend of the recent decisions is to hold a lending to be a sale in such cases involving the violation of the liquor laws. *Tombeaugh* v. *State,* 50 Tex. Cr. R., 286, 98 S. W., 1054, 8 L. R. A. (N. S.), 937, 123 Am. St. Rep., 841, 14 Ann. Cas., 275 overruling *Ray* v. *State* 46 Tex. Cr. R., 176, 79 S. W., 535; followed by *Howard* v. *State,* 72 Tex. Cr. R., 624, 163 S. W., 429; *State* v. *Mitchell,* 156 N. C., 659, 72 S. E., 632, 37 L. R. A. (N. S.), 302, Ann. Cas., 1913A, 469; *Com.* v. *Abrams,* 150 Mass., 393, 23 N. E., 53; *Brown* v. *State,* 121 Tenn., 186, 114 S. W., 198.

Cases holding to the contrary, such as *Jones* v. *State* (Miss.), 66 South, 987, L. R. A., 1915C, 648, are not in necessary conflict with what is herein ruled, they being cases where the liquor was to be returned in kind and amount.

Finding the decree of the chancellor to be without error, it is affirmed..