## RAYMOND GARZA V. THE STATE.

No. 9405.   Delivered November 11, 1925.

**1.—Aggravated Assault—Charge of Court—Requested Charge—Properly Refused.**

Where, on a trial for an aggravated assault by striking a person on a road by colliding with him with an automobile, it was not error to refuse a requested charge which singled out one issue presented by the evidence, and predicate an acquittal on same. It is not the province of the court to single out parts of the evidence and instruct the jury to give particular effect thereto, except in cases authorized or required by Statute. See White's Tex. C. C. P., Sec. 810. Following Vanarsdale v. State, 35 Tex. Crim. Rep. 587 and other cases cited.

Appeal from the County Court of Eastland County.   Tried below before the Hon. Tom J. Cunningham, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $400.00.

The opinion states the case.

*Wasaff & Lyman*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is aggravated assault; punishment fixed at a fine of $400.00.

It is charged that appellant, while driving and operating a motor vehicle upon the public highway, did, with gross negligence, collide with and cause injury to Dave Henson.

According to the appellant's testimony, in January, about eight o'clock at night, he was driving a Cadillac automobile and was going from Ranger in the direction of Eastland, at the rate of about twenty miles per hour. Coming to a 90-degree curve, he observed standing in the road a Ford automobile without lights. It was headed in the opposite direction from that in which the appellant was traveling. Upon passing the Ford car, he collided with a Dodge car and struck Henson, who was working upon the Dodge car. That car was headed in the same direction as the appellant was traveling, and was standing on the highway without a tail light. According to his testimony, the Dodge car was obscured by the Ford car and he did not see the Dodge car until he had reached a point

about five feet from it, whereupon he applied the brakes and attempted to avoid the collision. He also said there were other cars approaching him whose lights interfered with his vision.

According to the State's testimony, Mrs. Hilton was traveling in a Dodge car in the direction of Eastland. Her car was stopped on the side of the road to repair the tail light, which was on fire. While engaged in endeavoring to put out the fire, Henson arrived, driving a Ford car. He stopped at her request to assist in extinguishing the fire, and while so engaged, he was struck and injured by the appellant's car. According to some of the evidence for the State, the curve was not at right angles. There were no objects to obstruct the view of the appellant. The Dodge car was standing some 50 or 75 yards past the point of the curve. Henson's Ford car was farther up the road about 25 yards as he had passed the Dodge car before he stopped. The paved part of the highway was about 14 or 16 feet. A State's witness estimated the speed of the appellant's car to have been about 50 miles per hour, and the lights on the Ford car were burning. The headlights on the Hilton car were burning but not the tail light.

Appellant requested a special charge reading as follows:

"You are further charged as part of the law in this case that it is the theory of the defendant, Raymond Garza, that the Ford car of the injured party, Dave Henson, was in the curve and that such car obstructed his view in making the turn on said curve and that by reason of such obstruction the said defendant did not see the injured party, Henson, nor the Dodge car which said Henson was working on until he, the said defendant, was within five feet of said Henson, the injured party, and the car which said Henson was working on, and if you find such to be the case, or if you have a reasonable doubt thereof, it is your duty to bring in a verdict of not guilty and so say by your verdict."

It is not the province of the court to single out parts of the evidence and instruct the jury to give particular effect thereto, except in cases in which it is so authorized or required by Statute. White's Tex. C. C. P., Sec. 810; Vanarsdale v. State, 35 Texas Crim. Rep. 587; Carter v. State, 39 Texas Crim. Rep. 345; Craiger v. State, 48 Texas Crim. Rep. 500. Neither is the court in error in refusing to take such action at the request of the accused. Vernon's Tex. Crim. Stat., Vol. 2, p. 495, note 15.

In the present instance, the request is that the jury be directed to acquit the appellant, if they believed that by

reason of the obstruction caused by the Ford car, he did not see the injured party or the Dodge car until he reached a point within five feet of it. This apparently ignores the other evidence from which the jury may have believed that in failing to sooner discover the injured party or in failing, under the circumstances, to have his car under better control, or from other testimony before them, he was guilty of gross negligence. In refusing to give the instruction, we think the court was not in error.

The court was not in error in receiving evidence that as a result of the collision Henson's leg was broken.

The judgment is affirmed.

*Affirmed.*