## CLAUDE PRIVITT V. THE STATE.

No. 13716.  Delivered October 14, 1931.
Rehearing Denied November 25, 1931.

The opinion states the case.

*Frank Holaday,* of Henrietta, and *Donald & Donald,* of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being assessed at eighteen months' confinement in the penitentiary.

The point is made that the evidence does not support the conviction. An officer was in the rear of a barber shop having his shoes polished when appellant entered the front door. The officer testified that appellant had a paper sack with something in it. He asked for Sheer, who operated a meat market adjoining the barber shop. The officer says when appellant saw witness appellant turned and hurriedly left the barber shop and went into the meat market; that witness followed him; that appellant went through the partition door in the meat market and out the back door and into the alley. At this point we quote his testimony:

"When he went out that door he had a jar with him. He commenced pouring it out as he got to the door and when he got it empty he broke it. There was whisky in the jar. Then he went on through the alley pretty fast, running. * * * I do not know that whatever I saw him pour out was intoxicating; I don't know whether it was intoxicating or not; I never got intoxicated on it. I couldn't say whether a man could drink five gallons of that stuff and not make him drunk or not; I never drunk enough of it to intoxicate me. I know positively that it was whisky; it was whisky broke there in the jar. There was whisky in one of the pieces of bottle. This jar he dropped was the only one I picked up; I picked up the pieces of it. I knew he had disposed of whatever he had in it."

Another witness for the state testified:

"When I saw him he was over near the meat market, running at the back end of it, unwrapping a package. It was either a bottle or a fruit jar and he threw it down. I did not see him pouring anything out."

It was appellant's claim on the trial that he had no bottle of whisky at the time of the incident related by the officer and other witnesses for the state, but that he had gone to the barber shop, as was his custom, to take a bath, and had with him under his arm a package which contained his clothes. He supported his claim by other witnesses.

Still another state's witness testified that after appellant had run through the alley witness saw him go to his car and take a package therefrom and go through the court house. Evidence was introduced by appellant the purpose of which appears to have been to question whether the situation was such that state's witnesses could have seen what they claimed. Appellant cites a number of cases which he insists support his contention that the evidence is insufficient. A review of fact cases rarely serves any useful purpose as the facts of each case necessarily present themselves in a different light.

It was conceded that appellant had a package of some kind with him. While the issue is closely drawn as to whether that package contained whisky or clothes, it was the sole province of the jury to determine it. They were warranted under the state's evidence in reaching the conclusion that appellant was not only fleeing with a container of whisky which

he destroyed, but that he had this whisky with him at the time he entered the barber shop. We do not feel authorized under the facts to disturb the verdict.

Appellant's case was called for trial on the 18th of March, 1930, at which time appellant filed an application for continuance on account of the absence of Loren Goist and Betty Ann Goist, averring in his application that he had made proper application for the issuance of subpoenas for said witnesses on the 10th day of March, 1930. He avers in his application that these witnesses, if present, would testify that on the date of the commission of the alleged offense, appellant parked his car directly in front of the bakery in which witnesses were working and got out of the car with a bundle under his arm and went into the barber shop and that a few minutes later they saw appellant go through the court house; that he ran in front of the bakery towards his car and started to get into it, but turned and ran directly across the street to the court house. The continuance was denied. In his motion for new trial appellant sets this action of the court up as constituting error. The application for continuance was defective in several particulars. It fails to show that any process was ever issued for the witnesses, or, if so, what ever became of it, and does not set out the residence of the witnesses. As set out in the application the materiality of the evidence expected from the witnesses is not apparent. It developed upon the hearing of the motion for new trial that these witnesses had left Henrietta, Clay county, on the 26th of August and were at the time of the trial in Flint, Michigan. The date of the alleged offense was August 3. The indictment was returned on the 13th of September. No application was made for the issuance of process for these witnesses until the 10th day of March, only eight days prior to the calling of the case for trial. The slightest diligence would have advised appellant that these witnesses were out of the state and that if their testimony was thought to be important some steps should be taken to secure their evidence by deposition. The evidence heard upon the motion for new trial indicates that the time of the return of these witnesses from Michigan to Texas was doubtful. We cannot regard the action of the court as erroneous either in denying the continuance or in overruling the motion for new trial based upon its refusal.

A number of special charges were requested on the theory that in fleeing from the officer appellant had a right to run because he was afraid the officer was going to shoot him and that his flight was because of that fact. We think the refusal of these special charges presents no error. They appear to be upon the weight of the testimony. It has been held many times that it is not the province of the court to single out parts of the evidence and instruct the jury to give or not to give particular effect thereto, save in those cases where evidence is limited to a single purpose. See Garza v. State, 102 Texas Crim. Rep., 241, 277 S. W., 382, and the

authorities cited therein. The refusal of other special charges requested is not thought to present error.

While appellant was testifying it was developed on cross-examination by the state that he had theretofore been legally charged with the commission of other felonies. The court properly instructed the jury that they could not consider these charges as any evidence of appellant's guilt, nor for any purpose except as the jury might determine whether such charges affected his credibility. Appellant seems to have objected to this instruction upon the ground that he had not put his general reputation in issue. It has been so many times and so uniformly held by this court that where an accused testifies, the state may show, as affecting his credibility, that he has theretofore been legally charged with the commission of other felonies, that we deem it unnecessary to cite authorities further than referring to the cases collated under section 167, Branch's Ann. Tex. P. C., and authorities cited under note 15, article 710, Vernon's Ann. Tex. Code of Crim. Proc., vol. 2.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The issues of law and fact herein were correctly decided in our original opinion. It would serve no useful purpose for us to review seriatim the various contentions made in the extended motion for rehearing, which evidences care and study in its preparation, but seems only a review of the same propositions discussed and settled in our original opinion without citation of authorities holding to the contrary.

That appellant transported a package,—was without dispute. If the state witnesses spoke the truth, said package contained whisky. They said they saw appellant running, and saw him break a jar of something in his flight, and officer Young who went to the spot at once said the contents of the jar thus carried and broken was whisky. The testimony of appellant and his witnesses combat the proposition that the package contained whisky. The settlement of such controversy was for the jury, and we are not allowed, where there is evidence supporting the finding, to disturb the verdict. We have examined with interest the legal propositions advanced in the motion, but are unable to agree that any of them are adverse to what we said originally.

The motion for rehearing will be overruled.

*Overruled.*